## MARX & KEMPNER v. HEIDENHEIMER BROS.

### (Case No. 1877.)

1. JURISDICTION — PLEADING. — When a cause has been transferred by order of the county court from its jurisdiction to that of the district court, and the defendant appears, demands a jury, and agrees that the cause may be set down for trial, he cannot afterwards be heard *in limine* to question the regularity of the transfer of the cause.

2. EVIDENCE — OBJECTIONS TO ANSWERS TO WRITTEN INTERROGATORIES. — Objections to interrogatories propounded to a witness whose deposition has been taken, on the ground that they are leading, cannot be raised for the first time during the trial. Such objections must be made in writing, and notice thereof given as prescribed by the statute.

3. IMPEACHING WITNESS — AFFIDAVIT. — The testimony of a witness taken by deposition cannot be impeached by producing his *ex parte* affidavit, made three years before, under circumstances not disclosed, and to which his attention was not called when his deposition was taken.

4. JUDGMENT — MATERIAL ISSUE NOT PASSED ON. — When issues on facts are found by the court, and its judgment pronounced on conclusions of law announced, the failure to find on a material issue about which the testimony is conflicting will be cause for reversal of the judgment.

APPEAL from Falls. Tried below before the Hon. James M. Anderson, Special Judge.

On the 11th day of June, 1879, the appellees recovered a judgment in the county court of Galveston county against William Heiling for $392.67. An execution was issued thereon to Falls county, and on the 21st of July, 1879, levied upon merchandise, groceries, etc., as the property of Heiling, which were valued by the sheriff at $667 on the day of levy. The appellants claimed the property and made affidavit and bond to try the right thereto, and delivered the same to the officer, who delivered the property to the claimants and made return accordingly.

The sheriff returned the oath, bond and copy of execution to the county court instead of the district court of Falls county. Upon a trial in the county court, claimants recovered, and the plaintiffs in the suit appealed to the court of appeals; which, at the Austin term, 1881, reversed and remanded the case on the ground of a want of jurisdiction in the county court over the action.

On return of the mandate, at July term, 1881, the county court ordered that the case be transferred to the district court of Falls county. At the February term, 1882, of the district court, the case was found docketed therein; the original papers, bond and affidavit, etc., not having been filed in that court, however, until the September term, 1883, when the parties appeared by attorneys and written pleadings.

Claimants moved *in limine*, and otherwise, to abate and dismiss the cause, for divers reasons, to which plaintiffs answered by motion to file papers *nunc pro tunc*, and substitute bond and affidavit alleged to be lost, etc.

Claimants thereupon excepted to plaintiffs' motion and answer, and replied thereto.

The court having ruled the law on the points raised by these pleadings against the claimants, issues were made up under the direction of the court and the cause thereupon was heard without a jury. Judgment in favor of the plaintiffs.

At the request of the claimants the judge's conclusions of law and fact were reduced to writing, filed, and judgment rendered thereon, to which claimants excepted, gave notice of appeal, filed bond and assigned errors.

*Davis & Sayles* and *J. M. Martin*, for appellants, on alleged error in failing to dismiss the cause on defendants' motion, *in limine*, cited: R. S., arts. 1183, 4822 to 4832, 4833 to 4837, 3203 and 3507 (Limitation); Price *v.* Luter, 14 Tex., 7; Cook *v.* De la Garza, 13 Tex., 445; Const., art. V, sec. 8; Gray *v.* Maddox, 5 Tex., 528; Atkins *v.* Watson, 12 Tex., 201; Fleming *v.* Seeligson, 57 Tex., 532.

On the refusal to sustain objections to depositions, they cited: R. S., art. 2236; Purnell *v.* Gandy, 46 Tex., 200.

That there was error in failing to find on the material issue indicated in the opinion, they cited: Scott *v.* Alford, 53 Tex., 92; Crow *v.* Red River Co. Bank, 52 Tex., 369; Osborn *v.* Koenigheim, 57 Tex., 95; Lehmberg *v.* Biberstein, 51 Tex., 462; Silliman *v.* Gammage, 55 Tex., 371; Van Hook *v.* Walton, 28 Tex., 71–75.

*Goodrich & Clarkson*, for appellees, on the motion to strike from the docket, cited: Pearson *v.* Flanagan, 52 Tex., 278; Byrnes *v.* Morris, 53 Tex., 220; Dixon *v.* Zadek, 59 Tex., 530; Wheeler *v.* Wooten, 27 Tex., 258; R. S., p. 709, arts. 4827, 4840 and 4843.

The objections to the depositions came too late, citing: Buford *v.* Bostick, 58 Tex., 63; Lee *v.* Stowe, 57 Tex., 444.

That the deed of trust to secure present and future indebtedness, on merchandise sold, and to be sold in future, or afterwards acquired, was void, they cited: Peiser *v.* Peticolas, 50 Tex., 644; Scott *v.* Alford, 53 Tex., 93–4; Robinson *v.* Elliott, 22 Wall., 513; Collins *v.* Myers, 16 Ohio, 547.

WATTS, J. COM. APP.— Those assignments of error which question the manner in which the papers in the cause were filed in the

district court, and the delay in getting the case before that court, do not call for consideration and determination. After the cause was transferred to and filed in the district court, appellants appeared and demanded a jury, and agreed that the cause might be set down for trial on a day named.

Having appeared and recognized it as a pending cause, appellants could not afterwards be heard *in limine*, to question the manner in which the case came into court.

There was no error in the ruling of the court on the objection made to certain interrogatories on the ground that they were leading. It is now settled that such objections go to the manner and form of taking, and the objection must be made in writing and notice given as prescribed by statute. Lee *v.* Stowe, 57 Tex., 449; Buford *v.* Bostick, 58 Tex., 66; Mills *v.* Herndon, 60 Tex., 358.

Nor did the court err in refusing to admit the affidavit made by the witness Heiling in 1879, which was offered for the purpose of contradicting his evidence embodied in depositions taken in 1882. This was an *ex parte* affidavit, to which his attention was not directed by appellants in the cross-interrogatories or otherwise. Under what circumstances and for what purpose the affidavit was made does not appear. As disclosed by the record, Heiling has had no opportunity to explain the matter, and until such opportunity is afforded the affidavit would not be admissible for the purpose of impeaching the witness by contradicting his evidence. 1 Wharton's Evidence, § 555.

By reference to the conclusions found by the court it will be seen that the judgment is based solely upon the ground that the two instruments, the original and supplemental deeds of trust, are void upon their face. It would seem that the court did not pass upon the evidence upon the contested issue as to whether Rice, the trustee, did or not take and retain possession of the merchandise in pursuance of the power conferred upon him by the supplemental deed. The court having found at the outset that the instruments were void upon their face, this precluded any further inquiry as to the facts. So that if the court erred in this conclusion, a reversal of the judgment and remanding of the cause would seem to necessarily follow; for the evidence upon that issue is conflicting, and appellants would have the right to have that evidence passed upon in the court below.

Admitting that the attempt to create a lien on merchandise added to the stock after the execution of the instruments is inoperative, that is, cannot be sustained, yet that does not affect the other pro-

visions contained in these instruments, provided they are in other respects valid.   Scott *v.* Alford, 53 Tex., 95.

The deed of trust was given to secure an indebtedness then not matured or due, and, as limited by the supplemental instrument, the trustee was authorized to take immediate possession and sell the merchandise at private sale, and apply the proceeds to the secured indebtedness.   When tested by the principles announced in the well considered case of Scott *v.* Alford, *supra,* it would seem that these provisions in the deed, as modified by the supplemental instrument, must be considered as valid and binding.   And as these are not affected by the stipulation seeking to create a lien upon after-acquired merchandise, if, in fact, possession by the trustee, either in person or by agent, followed the execution of the deeds, then the property would not have been subject to the writ, so as to affect that possession, unless appellees first paid or tendered the amount of the secured indebtedness to appellants.   R. S., art. 2296.

Here the material issue was as to the possession of the merchandise at the time of the levy.   Appellees claim that the goods were in the possession of Heiling, while the appellants claim that Rice was in the actual *bona fide* possession, and that Heiling was selling the merchandise as his agent.   Upon that issue evidence was adduced by both parties; in short, there was a well defined conflict in the evidence adduced to that issue.   And, as before remarked, it seems that it was not passed upon in the court below.

Our conclusion is that the court erred as indicated, and that the judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion adopted February 13, 1885.]