BEAUMONT IMPROVEMENT COMPANY v. CLARINDA CARR ET AL.

Decided June 8, 1903.

**1.—Appeal—Statement of Facts.**

The appellate court will not consider assignments of error involving issues of fact, or dependent on the status of the facts, where there is no statement of facts in the record.

**2.—Same—Findings of Fact—Filing After Term.**

Where findings of fact by the trial judge, although prepared during the term, are not filed until after the expiration of the term at which the case was tried, they can not be considered for any purpose.

**3.—Same—Evidence Wanting.**

Where plaintiff's petition in trespass to try title set out a certificate of acknowledgment in a deed in its title, alleging that defendants claimed it to be defective, and because of such defect were claiming the land, and such pleading was met by a general denial, and there were neither facts nor fact findings in the record, the appellate court could not hold that a judgment in defendants' favor was wrong, since it was not made to appear that the certificate was proven as alleged.

Error from the District Court of Jefferson. Tried below before Hon. J. D. Martin.

*Greer, Greer, Nall & Parker* and *F. J. & R. C. Duff,* for plaintiff in error.

*F. G. Morris* and *Greer & Minor,* for defendants in error.

GILL, ASSOCIATE JUSTICE.—This suit was brought by plaintiff in error in the form of an action of trespass to try title to recover of defendants in error fifty-six acres of land near the northern limits of the city of Beaumont. The petition alleged, among other things, that the defendants were asserting some sort of claim to the land by reason of an alleged defect in a certificate of acknowledgment to a deed from Clarinda Carr to Joseph Hebert, under whom plaintiff in error claims. There was a prayer for the correction of the certificate.

Defendant in error F. G. Morris answered by plea of not guilty, asserted title in himself to half the land, and asked that his title be quieted. He also pleaded limitation of four years against the prayer to correct the certificate. His answer did not disclose the nature or source of his title.

The defendants in error Votaw and Collins answered as purchasers pendente lite from the heirs of Clarinda Carr, pleaded not guilty and limitation of four years, and prayed that their title to a half interest in the land be quieted both as against plaintiff and their codefendants. A trial before the court without a jury resulted in a judgment for defendants in error.

The record does not contain a statement of facts, hence such assignments as involve issues of fact, or are dependent upon the status of the facts, can not be considered.

There appears in the record an agreement of the parties litigant whereby certain facts are admitted and proof of them waived. It was contemplated that this should be used upon the trial in connection with the other evidence adduced. It is not made to appear in any proper way that it was so used, unless the purported findings of fact of the trial court may be properly taken into consideration, as the agreement as to facts is also embodied in them.

The record does not show that there was a request presented to the judge for conclusions of fact and law, but there is in the record fact findings prepared and filed by the judge who tried the case. Their date indicates that they were actually prepared both before the end of the trial term of court and before the expiration of the term of office of the judge who tried the case, but they were filed with the clerk of the district court after the expiration of the term of court and of the term of office of the trial judge. His successor had qualified and assumed control of the court prior to the filing of the conclusions.

It is not necessary to the determination of this appeal that we should pass upon the power of the outgoing judge to file conclusions of fact and law after the expiration of his term of office. The other question presented is conclusive. Findings of fact filed after the expiration of the term of the court at which the cause was tried can not be considered for any purpose.

The fact conclusions of a trial judge are the basis of the judgment which he renders. They are analogous to a special verdict. The facts being found, the judgment follows as a matter of law. A trial court might so find the facts as to justify a judgment for appellant, and erroneously render a judgment for appellee. In such a case if the findings were not excepted to by appellee, the judgment would not only be reversed upon appeal, but judgment would be rendered for appellant as an inevitable result of the unquestioned facts found. Drake v. Davidson, 28 Texas Civ. App., 184, 4 Texas Ct. Rep., 380. It thus becomes apparent that the conclusions must be filed during the term. Otherwise the objecting party could neither record his objection nor secure their amplification or correction. It follows, therefore, that the judgment of the trial court must be affirmed unless appellant's contention be sound to the effect that the pleadings present the controlling question, and that as the ruling of the trial court upon that point was erroneous, a review of that ruling should reverse the judgment. The matter upon which this contention is based is the certificate of acknowledgment to the deed to Hebert. The form of this certificate is set out in the petition, but as the pleading was met by a general denial on the part of all the defendants, and as there are neither facts nor fact findings in the record, we can not say the certificate was proven as alleged.

As the record stands no reversible error is presented. The judgment is therefore affirmed.

<em>Affirmed.</em>