## William Tammen et al. v. F. K. Schaefer.

### Decided March 16, 1907.

**1.—Citation—Recitals in Judgment—Presumption.**

Where the sheriff's return upon a citation to a nonresident defendant simply shows a proper delivery of a copy of the citation to the defendant and is silent as to the delivery of a copy of the petition, but the judgment recites that the defendant was duly and regularly cited according to law, in an attack upon the judgment for the want of proper service, the presumption will be in favor of the recitals in the judgment, in the absence of a motion in the trial court to quash the citation.

**2.—Same—Appearance.**

Where the judgment recites that the defendant appeared in person and by attorney in open court, all questions as to citation become immaterial on appeal. Rev. Stats., arts. 1241, 1242.

**3.—Jurisdiction—Change of Venue—Waiver.**

Where the judgment recited that the defendant in open court agreed that the venue of the suit might be changed, and the record showed that the defendant thereafter appeared in the court to which the venue had been changed

and applied for a continuance, new trial, etc., without objecting to the juris-
diction of the court, any irregularity in the mode of changing the venue as
prescribed by article 1270, of the Revised Statutes, will be considered waived.

**4.—Pleading—Amendment—Notice.**

A defendant who has entered an appearance in a cause is not entitled to
formal notice of motions filed by the plaintiff. Where the amendment of a
petition consists merely of clerical errors in description of the land sued for, a
defendant who has entered an appearance is not entitled to service of the
amendment.

Error from the District Court of Wichita County. Tried below be-
fore Hon. A. H. Carrigan.

*Huff, Barwise & Huff,* for plaintiffs in error.—The plaintiff having
sued for a certain tract of land and having described it by metes and
bounds and having obtained default judgment against both defendants,
it was error for the court to grant the plaintiff a new trial and to allow
him to amend his petition and sue for a different tract of land than the
one originally described in his original petition, and the court having
given a second default judgment for the tract of land described in plain-
tiff's amended petition without any notice of the filing of the petition hav-
ing been served upon the defendants or either of them, and without cita-
tion upon the amended petition being served upon the defendants or either
of them, the judgment of the court wherein title to this newly described
tract of land was divested out of the defendants and vested in plaintiff
is erroneous, and the judgment should be reversed. Cowan v. Williams,
49 Texas, 380; Mann v. Mathews, 32 Texas, 98; Pena v. Pena, 43 S.
W. Rep., 1027; McNeil v. Childress, 34 Texas, 370; Rev. Stats., art.
1188; Rev. Stats., art. 1189; Morrison v. Walker, 22 Texas, 18; Phoenix
Lumber Co. v. Houston Water Co., 94 Texas, 456; Rabb v. Rogers, 67
Texas, 339; Stewart v. Anderson, 70 Texas, 599; Lasater v. Fant, 43
S. W. Rep., 321; Roller v. Ried, 87 Texas, 71; McMillan v. Jones, 66
Texas, 100; Pendleton v. Colville, 49 Texas, 525; Gulf, C. & S. F. Ry.
Co. v. Richards, 11 Texas Civ. App., 102.

The court erred on the trial hereof in allowing the plaintiff without
any notice to the defendants to file an amended petition herein on the
first day of September, 1905, and without any notice to the defendants
or either of them, and without service of citation upon the defendants,
or either of them, in rendering default judgment against the defend-
ants in favor of plaintiff vesting in plaintiff herein, the title to and
possession of one hundred acres of land described in the plaintiff's first
amended petition. Rev. Stats., art. 1290; Lauderdale v. Ennis Station-
ery Co., 80 Texas, 496; Carlton v. Miller, 2 Texas Civ. App., 623.

*L. H. Mathis,* for defendant in error.

CONNER, CHIEF JUSTICE.—The record shows that defendant in
error instituted this suit in the District Court of Archer County on the
23d day of September, 1903, to recover land described in his original
petition as follows:

"One hundred acres of land out of the Harvey Cox survey, known as

abstract number 67, certificate number 318, in the records of the General Land Office at Austin, Texas, patented April 23, 1875, by patent number 118, volume 15, with field notes as follows: beginning at a stake in the east line of the Lucian Thompson 1,476-acre survey and at the N. E. corner at a 400-acre tract of land conveyed to Chas. Kuschke by deed dated January 14, 1885; thence north 423½ varas to a stake in the prairie for corner; thence east 1,333 varas to a stone for a corner; thence south 423½ varas to a stone for a corner; thence west 1,333 varas to the place of beginning, said land being situated in Archer County, Texas."

The following further description of the land sued for was given in the original petition:

"That defendant Tammen is claiming to own said land by virtue of a special warranty deed executed to him by Robt. E. Huff on December 30, 1901, conveying said land to him, and also by virtue of a deed conveying said land to Robt. E. Huff, executed by defendant A. F. Decker, on September 15, 1901, but plaintiff alleges that said deed from defendant Decker to Huff was executed solely for the purpose of securing said Huff against liability by reason of his having executed as surety for defendant Decker a certain bail bond or bonds and said deed from Huff to defendant Tammen was executed by the direction of defendant Decker and solely for the purpose of placing the apparent record title to said land in defendant Tammen, in order thereby to hinder, delay and defraud the creditors of defendant Decker, one of whom this plaintiff was at that time; that defendant Tammen never paid any consideration for the execution of said deed to him and the sole purpose of that deed was to prevent defendant Decker's creditors from subjecting said land to the payment of their debts against defendant Decker, which purpose was at the time well known to defendant Tammen who agreed to such purpose and attempted to execute the same; that the legal and equitable title to said land did not pass out of defendant Decker by the execution of either or both of the deeds mentioned herein."

It was alleged that the defendant Decker was a resident of Archer County, and it appears that he was duly served with citation. William Tammen, however, was alleged to be a resident of Clay County, Texas. The citation to him recites that it was accompanied by a copy of the plaintiff's original petition, but it does not appear from the sheriff's return that such copy was served upon Tammen, the sheriff's return being as follows: "Came to hand the 24th day of September, A. D. 1903, at 2:30 o'clock p. m., and executed the 24th day of September, A. D. 1903, at 8:30 p. m., by delivering to William Tammen, the within named defendant, in person a true copy of this writ."

Neither of the defendants filed any answer in the District Court of Archer County and the record fails to show how this case found its way into the District Court of Wichita County, Texas, except by recitals in the judgment of the latter court rendered in favor of defendant in error, first on July 22, 1905, and second, on September 1, 1905. These judgments recite that:

"The defendants Wm. Tammen and A. F. Decker had been duly and regularly cited according to law to appear and answer herein, and during

the regular April term, 1904, of the District Court of Archer County, Texas, when said cause was pending in said court said defendants in person and by their attorney had appeared in open court and had in open court agreed with the plaintiff and his attorney that the venue of said cause might be changed to Wichita County, Texas, whereupon the original papers in said cause were by the clerk of said court forwarded to the clerk of the District Court of Wichita County, Texas, and said cause was duly docketed on the docket of this court pursuant to said agreement. At the last term of this court (the December term, 1904), said defendants appeared in this court and filed a written application for a continuance of this cause which was by the court granted, on this day after the plaintiff had announced ready for trial, it appearing to the court that no answer had ever been filed herein by either of defendants, and the plaintiff demanding same, judgment is hereby rendered by default herein in favor of the plaintiff against each of the defendants," etc.

The record further shows that on the date of the judgment of July 22, 1905, the District Court of Wichita County made the following further order:

"On this day come on to be heard the motion of the defendants Wm. Tammen and A. F. Decker, for a new trial herein, the ground of said motion being that plaintiff had never filed a bond for cost herein, and all parties having announced ready upon said motion, the court considered same and is of the opinion that said motion should be and the same is in all things overruled."

On September 1, 1905, thereafter and at the same term of the court at which the judgment of July 22 had been rendered, defendant in error filed a motion to set this judgment aside on the ground that "through inadvertence in drawing the original petition herein, plaintiff's attorney committed certain clerical errors in the description of the land sued for herein, which it is desired may be corrected by an amendment to be filed herein; that the land sued for herein is identified by the description contained in said original petition, so that the defendants at all times knew what particular land on the ground was sued for herein, but plaintiff desires and prays the court to grant this motion in order that said clerical errors may be corrected by amendment and a proper judgment rendered herein." The court granted this motion and defendant in error without service thereof upon either of plaintiffs in error filed an amended original petition. The amended petition seems to be an exact copy of the original except that in the description of the land sued for, the name of the adjoining survey is stated in the original petition as "Lucian Thompson 1,476-acre survey, and beginning at the N. E. corner of a 400-acre tract of land conveyed to Chas. Kuschke, by deed dated January 14, 1885;" while in the amended petition "Thompson" was changed to "Hopson" and "N. E." was changed to "N. W."

Upon the amended petition so filed final judgment by default was again rendered on the same day, and it is from this latter judgment that the writ of error herein has been sued out.

It is insisted that the judgment appealed from is fundamentally erroneous in that the record shows that the District Court of Wichita

County never acquired jurisdiction over plaintiffs in error. The contention in substance is that in the first instance the District Court of Archer County did not subject Tammen to its jurisdiction because of a failure to serve him with a copy of the plaintiff's original petition; and second, that the defendants Decker and Tammen not having answered, the District Court of Wichita County did not acquire jurisdiction because the venue of the case was not changed upon the written consent of the parties filed with the papers of the cause by an order entered on the minutes, as required by article 1270 of the Revised Statutes.

The judgment of the District Court of Wichita County recites that the defendants, Tammen and Decker, had been "duly and regularly cited according to law to appear and answer herein." The sheriff's return does not affirmatively show that Tammen was not served with a copy of the plaintiff's original petition, but merely fails to specifically show that he was. No motion to quash the citation or sheriff's return was made, and the presumptions are in favor of the recitals in the judgment. (Foust v. Warren, 72 S. W. Rep., 404.) Besides, Revised Statutes, article 1241, provides that: "The defendant may in person, or by attorney, or by his duly authorized agent, enter an appearance in open court, and such appearance shall be noted by the judge upon his docket and entered in the minutes, and shall have the same force and effect as if citation had been duly issued and served as provided by law." The judgment recites that the defendants did appear in person and by attorney in open court, which certainly renders immaterial all questions of defective service of the citation. (Rev. Stats., art. 1242; Marx & Kempner v. Heidenheimer, 63 Texas, 304.)

What we have said, to some extent, also answers the second contention above noted. The judgment recites that defendants in "open court agreed" that the venue might be changed to Wichita County. While it may be inferred that the agreement was not in writing, as provided in the article of the statute quoted, yet the judgment does not affirmatively so show, and thereafter we find from the record that the defendants appeared before the District Court of Wichita County, applied for a continuance, new trial, etc., all without objecting to the jurisdiction of the court over them, which clearly amounts to a waiver of any irregularity in the mode of changing the venue. (Borden v. Houston, 2 Texas, 599; Willis v. White, 29 S. W. Rep., 818.)

The remaining contention of plaintiffs in error is to the effect that the judgment appealed from is without effect because of a want of service upon them of the amended petition. Construing the petitions as entireties, we think the amended petition amounts to no more than a mere correction of clerical errors in the description of the land in controversy. In each petition the land sued for was described as beginning on a corner of a tract of four hundred acres conveyed to Chas. Kuschke by a deed dated January 14, 1885; as out of the "Harvey Cox survey;" and as the land claimed by one of the plaintiffs in error by virtue of deeds particularly described and attacked for fraud. The substitution, therefore, of "Lucian Hopson" for "Lucian Thompson," in describing the adjoining 1,476-acre survey, and "N. W." for "N. E." in describing the point of beginning on the Chas. Kuschke land, could hardly have

caused surprise authorizing a continuance, had plaintiffs in error applied for one on that ground. It seems quite manifest that the original errors of description were merely clerical. If so, it is clear that service of the amendment was not requisite. (McConnel v. Foscue, 24 S. W. Rep., 964.) But in addition to this, as we have seen, plaintiffs in error had entered their appearance in the cause and the court was expressly authorized to set aside the judgment of July 22 and to permit the amendment as if no such judgment had been entered. (Rev. Stats., art. 1190.) Plaintiffs in error were required to take notice of the motion therefor. The language of the statute is: "Notice of motions in a suit pending is given by the filing of the motion and entry thereof in the motion docket during the term." (Rev. Stats., 1458.) Plaintiffs in error having entered an appearance in the pending suit, proper diligence would seem to have required an application for postponement or continuance because of the surprise, if any; or, failing in that, to at least have made the proper application to the court below to set aside the judgment, showing meritorious defense. We are now asked to do what the court below would have refused in the absence of such showing. Plaintiffs in error cite Rabb v. Rogers et al., 67 Texas, 336; Stewart v. Anderson, 70 Texas, 588, and other cases to the effect that defendants who have been cited only must be served with notice of an amendment setting up a cause of action or matter materially different from that set up before. A distinction is to be observed, however. In the first named case it is said, "if he (the defendant) has pleaded to the action, the only notice to which he is entitled is the order of the court granting leave to file the amendment," and the court treated one of the defendants who had merely entered an appearance by reason of his motion to quash the citation at the preceding term, as if he had filed an answer to the merits. Here the defendants not only entered their appearance in open court, but further appeared in the court to which the case had been removed and applied for and secured a continuance, and later made formal application for a new trial. It seems to us, therefore, that plaintiffs in error were as fully before the court as if they had filed formal plea of not guilty, and that they hence were required to take notice of the amendment under consideration.

We conclude that no error has been shown and that the judgment should be affirmed.

*Affirmed.*