PURDIE et ux. v. STEPHENVILLE, N. & S. T. RY. CO.

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 3, 1912.)

1. APPEAL AND ERROR (§ 496*)—RECORD—JURISDICTION OF TRIAL COURT.

An order dissolving in part a restraining order, which recites that plaintiff then excepted and gave notice of appeal, sufficiently showed that plaintiff appeared on the motion for dissolution, and, under Sayles' Ann. Civ. St. 1897, art. 1412, the record, to sustain the ruling, need not contain a copy of the notice served on him.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 496.*]

2. INJUNCTION (§ 173*)—DISSOLUTION—EVIDENCE.

Where an order, dissolving in part a restraining order, was based on the petition of

plaintiff, he could not complain on the ground that the affidavits of defendant were made only on information and belief.

[Ed. Note.—For other cases, see Injunction, Dec. Dig. § 173.*]

**3. HOMESTEAD (§ 118*)—CONVEYANCES—RAILROAD RIGHT OF WAY.**

A husband alone may grant a railroad right of way across the homestead, where the easement does not materially interfere with the use and enjoyment of the homestead.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 203; Dec. Dig. § 118.*]

**4. COURTS (§ 91*)—CONTROLLING DECISIONS.**

The decisions of the Supreme Court are controlling on the Court of Civil Appeals.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 325, 326; Dec. Dig. § 91.*]

Appeal from District Court, Comanche County; J. H. Arnold, Judge.

Action by E. C. Purdie and wife against the Stephenville, North & South Texas Railway Company. From an order dissolving in part a restraining order, plaintiffs appeal. Affirmed.

Kearby & Kearby, for appellants. George & Ferguson, for appellee.

SPEER, J. E. C. Purdie and wife obtained an order from the district judge in vacation, restraining the Stephenville, North & South Texas Railway Company, a railway corporation, from appropriating to its own use a strip of land 250 feet wide across a tract owned and occupied by the complainants as their homestead. Thereafter the respondents procured a dissolution in part of the restraining order, so that the same was not operative as to a strip 100 feet wide, being 50 feet on either side of the company's proposed line of road. From this latter order, the complainants have appealed.

[1] It is first urged that the court was without jurisdiction to hear any motion to dissolve, vacate, or modify the previous order without having given to appellants the 10 days' notice prescribed by statute, and, the record failing to show that such notice was given, the order should be reversed. It is true the transcript contains no copy of the citation to appellants; but the order from which the appeal is taken recites, "to which said order of the court, made as aforesaid, the plaintiffs then and there and now duly except and give notice of appeal," etc. This, we think, is sufficient to show that appellants actually appeared on the motion, whether they had been duly cited or not. Where the record shows an appearance by the defendant, it is not necessary that the transcript should contain a copy of citation duly served. Sayles' Texas Civil Statutes 1897, art. 1412.

[2] The assignments complaining that the court acted upon the sworn answer and affidavits of appellee, when the affidavits were not positive in terms, but made only upon information and belief, are not decisive of the appeal at all, since the order appears to have been authorized by and based upon appellants' petition, which shows very clearly that their principal complaint was that the deed previously executed by them had been fraudulently made to cover a strip of land 250 feet wide, when in truth it was intended to cover only a strip 100 feet wide. As already stated, the order of modification continued the injunction as to excess above 100 feet.

[3, 4] But to show that order was nevertheless erroneous, even as to the 100-foot strip, it was alleged that the deed of conveyance to appellee was not properly explained to or acknowledged by the wife, and that, since the property conveyed was the homestead of complainants, the conveyance was void. It is the settled law in this state, however, that the husband alone may grant a right of way to a railway company across land, which is the homestead of himself and family, where such easement does not materially interfere with the use and enjoyment of the homestead. Randall v. Tex. C. R. R. Co., 63 Tex. 586; C., T. & M. C. R. Co. v. Titterington, 84 Tex. 218, 19 S. W. 472, 31 Am. St. Rep. 39. Speer's Law of Married Women, par. 260. This rule has been severely criticised, and, perhaps, justly so; but the decisions of our Supreme Court referred to have never been modified or overruled, and are therefore controlling with us. There is no contention in appellants' petition that the use by the railway company of the 100 feet permitted under the modified order of the court will in any manner interfere with the use and enjoyment of the homestead.

We find no error in the order appealed from, and the same is affirmed.