AVERILL v. WIERHAUSER.   (No. 6812.)

(Court of Civil Appeals of Texas. Galveston. April 7, 1915.)

1. Trial ☞403—Trial by Court—Findings —Duty to Make Findings.

Under Rev. St. 1911, art. 2075, providing that the judge of any district or county court shall have ten days after the adjournment of the term in which to prepare findings of fact and conclusions of law, when demand is made therefor, a failure of the trial judge to file such findings when requested before the expiration of ten days after adjournment is, in the absence of a statement of fact, error requiring reversal.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 954–956; Dec. Dig. ☞403.]

2. Appeal and Error ☞527—Record on Appeal—Findings of Trial Court.

Findings of fact and conclusions of law, filed at a date later than allowed by law, are a nullity, not part of the record on appeal, and cannot be considered for any purpose.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2381–2383; Dec. Dig. ☞ 527.]

Appeal from Jefferson County Court; R. W. Wilson, Judge.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action between W. C. Averill and H. J. Wierhauser. From a judgment for H. J. Wierhauser, W. C. Averill appeals. Reversed and remanded.

Hightower, Orgain & Butler, of Beaumont, for appellant.

McMEANS, J. [1] This case was tried before the court without a jury, and resulted in a judgment for appellee, whereupon the appellant in open court requested the trial judge to file separately in writing his findings of fact and conclusions of law, and thereafter, before the expiration of ten days after adjournment of the court for the term, the appellant, through his counsel, called to the attention of the trial judge the fact that a written request for such findings and conclusions had been filed, and that such request must be complied with within ten days from the adjournment of the court for the term; but, notwithstanding all this, the trial judge failed to file such findings and conclusions within said time, but several days after said time did file an instrument in writing purporting to be such findings and conclusions. Appellant duly preserved a bill of exceptions to the action of the court in failing to file such findings and conclusions within ten days after adjournment, and the action of the court in this regard is the basis of appellant's only assignment of error. No statement of facts accompanies the transcript filed in this court.

Article 2075, Revised Statutes 1911, provides:

"The judge of any district or county court shall have ten days after adjournment of the term at which a cause may be tried in such court in which to prepare his findings of fact and conclusions of law in cases tried before the court, when demand is made therefor."

[2] It has been too often held, to require further discussion than to cite some of the cases so holding, that, in the absence of a statement of facts, the failure of a trial judge to file findings of fact and conclusions of law in a case tried before him, when seasonable request has been made therefor, is such an error as to require reversal. Buckner v. Davis, 129 S. W. 639, and authorities cited; Wandry v. Williams, 103 Tex. 91, 124 S. W. 85; Sutherland v. Kirkland, 134 S. W. 851; Scroggins v. Neece, 138 S. W. 789. It has been further held that findings of fact and conclusions of law filed at a date later than the time allowed by law are a nullity (Velasco Fish & Oyster Co. v. Texas Co., 148 S. W. 1184), and are not a part of the record on appeal (Emery v. Barfield, 156 S. W. 311; Maverick v. Burney, 30 S. W. 566; King v. Baldwin, 37 S. W. 971), and cannot be considered for any purpose (Beaumont Imp. Co. v. Carr, 32 Tex. Civ. App. 615, 75 S. W. 327). In Hanks v. Holt, 148 S. W. 599, it is held that, where the court failed to file findings and conclusions in time, they could not be made a part of the record by attaching same to the bill of exceptions to such failure.

For the error in failing to file findings of fact and conclusions of law within the time prescribed by law, the judgment of the court below as to appellant is reversed, and the cause remanded.

Reversed and remanded.