SAN ANTONIO DRUG CO. v. RED CROSS PHARMACY et al. (No. 1253.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 28, 1917.)

1. ABATEMENT AND REVIVAL ⬤⟳82—PLEA OF PRIVILEGE—WHAT CONSTITUTES.

An agreement in open court that a case might be transferred to another county, as if on a plea of privilege, *held* equivalent to such a plea in so far as waiving the right thereafter to plead to the court's jurisdiction over the subject-matter.

2. ABATEMENT AND REVIVAL ⬤⟳82—DILATORY PLEAS—ORDER.

Under Rev. St. 1911, arts. 1909 and 1910, requiring pleas to be filed in due order, etc., a plea of privilege waives the right to thereafter plead to the court's jurisdiction over the subject-matter.

3. COURTS ⬤⟳122—JURISDICTIONAL AMOUNT—PLEADING.

A judgment for an amount under the court's jurisdiction is valid, unless the allegations of the petition that the jurisdictional amount was involved are attacked as fraudulent.

4. COURTS ⬤⟳122 — JURISDICTION — ALLEGATIONS OF PLEADING.

Where the allegations that the jurisdictional amount was involved were not attacked as fraudulent, the court had jurisdiction to change the venue.

Appeal from Lubbock County Court; J. H. Moore, Judge.

Action by the San Antonio Drug Company against the Red Cross Pharmacy and others. From a judgment of dismissal, the plaintiff appeals. Reversed and remanded, with directions.

Bean & Klett, of Lubbock, for appellant. R. A. Sowder, of Lubbock, for appellees.

HUFF, C. J. The San Antonio Drug Company on the 15th day of February, 1915, filed in the county court for civil cases in and for Bexar county its petition in which it declared that appellee, the Red Cross Pharmacy, a copartnership, was indebted to appellant for goods, wares, and merchandise sold and delivered to appellees between the 25th day of June, A. D. 1913, and the 26th day of January, 1914, in consideration of which appellees promised to pay the several sums of money charged therefor, "amounting in all to the sum of $229.31." It appears from the record that on the 15th day of April, 1915, in the above court an order was entered reciting that the attorneys representing the respective parties in this case in open court stated:

"That it had been agreed between them that the venue of this case is not in Bexar county, but in Lubbock county, Tex., and therefore prayed the court to transfer this case from this court to the county court of Lubbock county, and it appearing to the court that the facts are as stated, it is therefore ordered, adjudged, and decreed by the court that this case be, and the same is, hereby transferred from this court to the county court of Lubbock county, and the clerk of this court is hereby instructed and directed to transfer this case from this court to that in the same manner and form as if plea of privilege had been filed and sustained by the court."

On July 13, 1917, the appellee filed a plea in the county court of Lubbock county to the jurisdiction to the effect that the cause of action was upon an account of $193.61, made up of a series of items, and the total amount of $229.31 sued for was made up in part by an item of $35.70 interest, and therefore the jurisdictional amount was less than $200, and that the county court for civil cases of Bexar county did not have jurisdiction over the cause or authorized to take any action whatever; that plaintiff alleged the amount in excess of $200, well knowing that the allegation was false and fraudulent, and did so for the purpose of attempting to give the court jurisdiction. It will be noted this plea did not allege that the county court of Lubbock county was without jurisdiction. The appellant answered this plea: (1) That appellees waived any right to question the jurisdiction of the county court of either county, in that they appeared without raising any question of jurisdiction of said court, and voluntarily invoked the jurisdiction of said court to pass on a plea of privilege to be sued in Lubbock county, having never filed any plea to the jurisdiction of either court for more than three years after the plea of privilege was sustained, thereby violating the rule requiring due order of pleadings; (2) that appellees submitted themselves to the jurisdiction of the county court of Bexar county, without raising the question of fraud, and there voluntarily invoked the jurisdiction of that court and prayed by their plea of privilege, to be sued in Lubbock county, and that they be granted a transfer to that county, which the court ordered, as prayed for, and that appellees did not raise any question of jurisdiction of that court until about three years after suit was filed in Lubbock county, and waited until after the cause of action was barred, thereby waiving the right to raise the question of jurisdiction. Upon a trial of the issue as to jurisdiction it was agreed by the parties:

"That at the time said suit was transferred by plea of privilege from the county court of Bexar county to the county court of Lubbock county, and the time said suit was filed in the county court of Lubbock county, that the county court of said Lubbock county, had and still has concurrent jurisdiction with the justice court."

The parties further agreed that appellant's counsel called upon the attorney for appellees not later than the second term of the county court after the case was filed therein for appellees' answer, which appellees' attorney agreed to prepare and file, and that he immediately deposited with the papers in said case an answer consisting of a general demurrer, general denial, and special plea to the effect that defendants had paid plaintiff all they were indebted; that such answer remained among the papers of the

cause for at least two or three terms of court. The papers were then in the possession of counsel for plaintiff, and at and before the April term, 1917, counsel for defendant phoned one of plaintiff's counsel that he was going to withdraw his answer. This was objected to by plaintiff, who suggested to him if the answer was not in the form desired he could amend. Defendant's counsel then called on plaintiff's counsel and requested to see the papers which were handed him. Thereupon he looked through the papers, found his answer, which was not indorsed "Filed" by the clerk, and remarked that he "guessed he would withdraw the answer whether counsel for plaintiff was willing or not." The plea to the jurisdiction was filed at the July term, 1917. The answer withdrawn had never been in court nor in the custody of the clerk, being continuously in either one or the other of the attorney's offices. The deposition of the cashier of appellant, upon whose testimony the appellees appear to have founded their plea to the jurisdiction as to the amount in controversy, had been filed in the clerk's office since 1915. The record shows no formal plea of privilege or any other pleading by defendant except the one to the jurisdiction. The evidence was sufficient to authorize a finding by the trial court that the items of the account sued upon amounted only to $193.61, with interest thereon, which totaled $229.31. The appellant took a bill of exception to the plea of jurisdiction and the evidence introduced thereon for the reason that the plea had not been filed in due order; that appellees had waived their right to attack the jurisdiction of either court. The trial court sustained the plea to the jurisdiction and dismissed the case.

[1] Assignments 1, 2, 3, and 4 urge that the court was in error because the plea to the jurisdiction was not filed in due order of pleading; that the plea was waived by invoking the jurisdiction of the county court for civil cases on the plea of privilege; that appellees were estopped from making an attack on the jurisdiction; and that the county court of Lubbock county had concurrent jurisdiction with the justice court. It is insisted by appellees that they did not file a plea of privilege to be sued in Lubbock county. The order of the San Antonio court perhaps disclosed there was no formal plea, but it does appear therefrom that the appellees, by their attorney, appeared and agreed with appellants' attorneys that the venue of the case was in Lubbock county, "and therefore prayed the court to transfer this case from this court to the county court of Lubbock county"; that this agreement and prayer were sufficient to induce the court to investigate the facts which he found were as stated, and by means of which the court was induced to transfer the case and to order the clerk thereof to transfer the papers therein "in the same manner and form as if a plea

of privilege had been filed and sustained by the court." It is manifest the defendants appeared in that court for the purpose of urging their privilege to be sued in Lubbock county. While the pleadings and action thereon were informal, yet they amounted to a formal plea by obtaining the same result. They procured the benefit of the statute authorizing a change of venue under a formal plea and procured the order of the court so reciting. The order showing it was entered under the statute which authorized a transfer after a plea of privilege had been sustained, and negatives that the venue was changed under the statute authorizing the change by agreement. Having accepted the action of the court on such informality they ought not be allowed to say they did not file a plea of privilege. Having appeared and recognized it as a sufficient plea, and having the same entered upon the minutes of that court, appellees could not afterwards be heard in limine to question the manner in which he secured the transfer under a statute which authorized it only when a plea of privilege is sustained. R. S. arts. 1832, 1833, 1881. The appellees also agreed in the trial court that the cause "was transferred by a plea of privilege." The records clearly show the agreement, prayer, and the facts found by the San Antonio court were treated and considered by all parties as a plea of privilege which authorized the transfer. We think after more than three years appellees will not be permitted to assert he did not so plead. It is certain he did appear before that court and prayed for a transfer upon the agreement and the facts and caused that fact to be entered upon the minutes of that court. Marx v. Heidheimer, 63 Tex. 304; Tammen v. Schaefer, 45 Tex. Civ. App. 522, 101 S. W. 468.

[2-4] Having first filed their plea of privilege to be sued in Lubbock county or that which amounts to such a plea, it is asserted by appellant that they could not plead to the jurisdiction of the court three years afterwards; that such plea was not in due order of pleading; that they waived and were thereby estopped from attacking the jurisdiction. Articles 1909 and 1910, R. C. S., require that all pleas shall be filed and determined in due order of pleading. The statute itself fixed the order of pleading in general terms, but the due order of pleading was well established by the courts when these statutes were passed. In the first edition of Texas Pleading, by Sayles (section 78), that author says:

"The order of pleading which the defendant is to pursue has been fixed by the practice of the courts, and has not varied much from the earliest period of the law; it is founded upon the principle that the pleading of any one of the pleas in that enumeration is a tacit waiver of those of the preceding class. The order in which the grounds of defense must be presented by the answer is: (1) to the jurisdiction of the court: (a) As to the subject-matter; (b) as

to the person of the defendant. (2) In abatement of the action," etc.

This order is recognized by Townes' Texas Pleading (2d Ed.) 417. Substantially the same order is required by rule 7 for district and county courts (142 S. W. xvii). Judge. Towne says in his work:

"It is evident that the rules give simply a more general division of these dilatory pleas and contemplate that more minute classification shall be made, according to the accepted order at common law."

Again he says:

"Not only must all dilatory pleas precede pleas in bar, but due order must be observed among the different kinds of dilatory pleas, and a failure to do this will be regarded as a waiver of all those dilatory pleas which, according to the rules of pleading, should have preceded the one filed." Pages 417, 418.

See Railway Co. v. Lynch, 73 S. W. 65.

It is the contention of the appellees that the potential jurisdiction over the subject-matter gives the court a right to consider a plea thereto filed, whether in or out of order, or may be considered without any plea. This doubtless is true, but it is also equally as well settled that it is the allegations in the petition which give the jurisdiction, and unless the allegations therein are assailed on the ground that they were made with the fraudulent purpose of conferring jurisdiction on the court, a judgment would be valid for an amount less than the jurisdiction of the court. The clearest statement of the rule, we think, is to be found in Sayles' Pleading (1st Ed.) § 92:

"It is a fatal objection to the jurisdiction of a court that it has no cognizance of the subject-matter of the suit; that is, that the matter of the action is such as the court is under no circumstances competent to try. * * * The cause might be dismissed on motion; and even without motion it would be the duty of the court to dismiss it ex officio, for the whole proceedings would be coram non judice, and utterly void. When, however, the plaintiff sues for an amount within the jurisdiction of the court, but the allegation as to the amount in controversy is made merely for the purpose of giving the court jurisdiction, the want of jurisdiction must be pleaded, and if there is no plea to the jurisdiction, the court will render judgment, though it be for a less sum than was required to give jurisdiction."

In the case of Hoffman v. Cleburne, 85 Tex. 409, 22 S. W. 154, the Supreme Court expressly held that a plea to the jurisdiction of the court in which it was asserted the amount in controversy was fraudulently alleged for the purpose of giving jurisdiction should be pleaded before the plea in bar, and quotes the statute that pleadings must be in due order. Railway Co. v. Lynch, 73 S. W., 65; Watson v. Mirike, 25 Tex. Civ. App. 527, 61 S. W. 538; Aldridge v. Webb, 92 Tex. 122, 46 S. W. 224; Eden v. Osborne, 29 S. W. 414. In the latter case a plea to the jurisdiction was filed after general denial, alleging that the amount was fraudulently made for the purpose of conferring jurisdiction. Mr. Justice Head said that the Supreme Court in the Hoffman Case reviewed the former conflicting cases, and that it was there finally settled under our statutes that a plea to the jurisdiction on the ground that the plaintiff had fraudulently stated the amount of his claim must be filed before an answer to the merits. We cannot perceive, as contended by appellees, that there is any difference as affecting the order whether the answer filed shall be to the merits or some dilatory matter. There must be one pleading, constituting the answer, consisting of as many matters as shall be necessary to present the defense, whether dilatory or otherwise, and by the statute due order must be maintained. If not, then there is a waiver of all dilatory pleas according to the rules of pleadings which should have preceded the one filed.

It will be perceived that the plea to the jurisdiction filed in this case only goes to the alleged want of jurisdiction in the county court in and for Bexar county. It is not alleged, nor is it contended, that the county court of Lubbock county did not have jurisdiction. It appears to be the theory that, because the amount actually due was less than $200, that the Bexar court had no jurisdiction when the order was made transferring the cause. The petition at that time alleged an amount within the jurisdiction of the court. There was not then a plea that the amount was fraudulently alleged. By all the authorities that court then had jurisdiction to change the venue, and such order, when made, was not void. If the case had been tried without the plea filed July, 1917, and judgment rendered for only $1, the appellees could not successfully contend the judgment would be void. Now, if Lubbock county had jurisdiction, as appellees admit, of the amount, or rather concurrent jurisdiction with the justice of the peace, after the venue was changed, the plea will not avail. The Bexar county court had jurisdiction from the face of the pleading when the order was made. The Lubbock court therefore rightfully obtained jurisdiction and having so obtained it, and having jurisdiction of the amount claimed by appellee to be due or which should have been sued for, the plea, when filed, would not be made to have a retroactive effect upon an order which had theretofore been lawfully entered when made by another court, and the Lubbock county court could not in such subsequent action nullify the order of the Bexar county court. The only question could be: Did the Lubbock court have jurisdiction of the amount? If it did, the plea should have been overruled. The appellees agree that the Lubbock court did have jurisdiction of the amount. This admission is based on article 1811—30, Vernon's Sayles' Civil Statutes, which provides that the county court of Lubbock county shall have and exercise concurrent jurisdiction with the justice court in all civil matters. Without discussing this statute, it is sufficient to say only the jurisdiction of Bexar county

was assailed. As shown above, under the pleadings as they stood, when the venue was changed, it had jurisdiction, and there being no plea assailing the jurisdiction of the Lubbock court, the plea should have been overruled. The court, under the record as made, was in error in dismissing the case. The jurisdiction of that court could not be assailed without a plea assailing it. Its jurisdiction was obtained by an order valid at the time it was made and at the instance of the appellee. Jones v. Bourbonnais, 25 Tex. Civ. App. 94, 60 S. W. 987; Tammen v. Schaefer, 45 Tex. Civ. App. 522, 101 S. W. 468; Marx v. Heidenheimer, 63 Tex. 304.

The court was in error in dismissing the case, and the judgment will be reversed and remanded, with instruction that the cause be reinstated, and that the plea to the jurisdiction be overruled.