## HOSMER et al. v. NEW YORK BUYERS' ASS'N et al. (No. 7053.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 23, 1924.. Rehearing Denied Feb. 27, 1924.)

1. **Venue ☜77—Change waived by trial where action was brought, notwithstanding order of transfer.**

Where, notwithstanding order, on defendants' motion, transferring the cause to another district, apparently undisturbed by subsequent order, the parties appeared, and without objection tried the cause where brought, they presumptively consented to waive questions of venue and jurisdiction, as they might, they and the subject-matter being within the trial court's jurisdiction.

2. **Pleading ☜228—Exception not passed on till after trial waived.**

Special exceptions to pleadings, not being acted on till after trial on merits, were waived.

3. **Pleading ☜428(1) — Point of insufficient pleading saved by objection to testimony.**

Though special exceptions to pleading of compromise and settlement of the controversy in litigation were waived by not being acted on till after trial on the merits, the point was saved by objection to introduction of testimony in support of the pleading.

4. **Appeal and error ☜931(6)—Evidence improperly admitted on trial without jury presumed not considered.**

Where trial was without a jury, it will be presumed that the court excluded from its consideration any evidence improperly admitted.

5. **Factors ☜45—Condition of goods when shipped pertinent as to condition on arrival at destination.**

The case turning on the condition and value of eggs at time of their arrival and sale at destination, evidence of their condition when shipped, in connection with evidence of the usual effect of shipment, was pertinent as bearing on their probable condition when they reached destination.

6. **Evidence ☜489—Opinion of qualified witness admissible on market value of eggs.**

The crucial question of the case being the market value of eggs at destination at time of arrival, testimony thereon of witnesses qualified for the purpose was admissible.

7. **Appeal and error ☜1010(1)—Findings on issues of fact having support in evidence not disturbed.**

Judgment depending on determination of issues of fact, and having sufficient support in the evidence, if believed, cannot be disturbed on appeal.

Appeal from Seventy-Third District Court, Bexar County; Robt. W. B. Terrell, Judge.

Action by William H. Hosmer and another against the New York Buyers' Association and another. From an adverse judgment, plaintiffs appeal. Affirmed.

Emmett B. Cocke and Ben H. Kelly, both of San Antonio, for appellants.

Davis & Long, of San Antonio, for appellees.

SMITH, J. The Buyers' Association and its coappellee here are San Antonio corporations engaged in buying and selling eggs, and Hosmer and his coappellant are produce brokers operating on the market at Boston, Mass. In January, 1919, the San Antonio concerns shipped a carload of eggs to Hosmer on consignment, with draft for $7,000 attached to bill of lading. When the shipment reached Boston Hosmer paid the draft and received the eggs, which he subsequently sold in the market. Hosmer claimed, however, that the eggs were not as represented to him by the shippers; that the eggs were in bad condition, which necessitated their subsequent sale for $2,550.62 less than the amount the brokers had advanced thereon to the shippers. Hosmer brought this suit to recover the amount against the Buyers' Association and its associate corporation. The cause was tried before the court without a jury, and judgment was rendered denying any recovery to the plaintiffs, or to the defendants upon a cross-action they had interposed in the case. We have not the benefit of specific findings or conclusions of the trial court, which relegates us to the presumption that every fact exists which is necessary to support the judgment, and which is supported by any evidence.

[1] The suit was filed by appellants in the Seventy-Third district court of Bexar county on August 19, 1919. Thereafter, at a date not shown, appellees, who were defendants below, filed a motion to transfer the cause to the Forty-Fifth district court of said county. This motion was granted, and the cause according ordered transferred to the Forty-Fifth district court, on December 20, 1920. So far as the record here shows, no other order was entered relating to the transfer of the cause, which was tried in the Seventy-Third court on February 23, 1923, on which date appellants, plaintiffs below, not only filed a supplemental petition asking for affirmative relief and judgment in said cause, but affirmatively announced ready for trial in that forum, on its pleadings filed therein, and participated in the trial without objection to the jurisdiction or venue of that

court. Subsequently, when judgment went against them, appellants filed their motion for new trial, without raising any objection to the court's jurisdiction, which they first attacked in their assignments of error filed in the court below on July 18, 1923. The first question presented here, then, is the one of whether or not the Seventy-Third district court had jurisdiction to try the cause, in view of the apparently undisturbed order transferring said cause to the Forty-Fifth district court. The question presents no difficulties, however, for, when the parties appeared, disregarded the order of transfer, and litigated the case to final judgment in the forum of their original selection, as was the case here, the presumption is that they consented to waive all questions of venue and jurisdiction, as they undoubtedly had the right to do, since the parties and the subject-matter were clearly within the jurisdiction of the court trying the cause. Borden v. Houston, 2 Tex. 599; Frosh v. Holmes, 8 Tex. 31; Marx v. Heidenheimer, 63 Tex. 304; Railway v. Winton, 27 Tex. Civ. App. 503, 66 S. W. 477; Tammen v. Schaefer, 45 Tex. Civ. App. 522, 101 S. W. 468. Appellants' first and second propositions, and first assignment of error, raising this question, will be overruled.

[2] In their second assignment of error appellants complain of the action of the court in "overruling plaintiffs' special exceptions advanced to the third amended original answer of defendants." It appears from the order overruling the exceptions in question, of which there are two, each raising a different question, that they were not acted upon by the court until March 31, 1923, whereas this cause was tried on its merits on February 23, or more than a month earlier. This had the effect, obviously, of a waiver of the exceptions, which, when not acted upon before announcement of ready for trial upon the merits, are regarded as waived. The second assignment of error is accordingly overruled.

[3] Appellees pleaded, and introduced testimony in support of the pleading, that prior to suit the parties had agreed upon a compromise and settlement of the controversy now being litigated, and here sought to enforce this compromise agreement. Appellants by special exceptions and by objection to testimony contested this contention. The exception, being in the same attitude as the special exceptions discussed above, will be regarded as having been waived, but the point is saved by objection to testimony.

[4] The trial court did not find that an enforceable compromise agreement was made between the parties, and it may be that the failure to so find rendered the evidence of a compromise objectionable, and subject to a motion to exclude. The cause was tried by the court, and without a jury, however, and if it is true that the testimony was improperly in evidence it will be presumed that the court excluded it from his consideration. Appellants' fourth and fifth propositions are accordingly overruled.

[5] Appellants complain of the action of the court in admitting in evidence the testimony of appellees' witnesses as to the condition of the eggs at the time they were shipped, "because such testimony could have no probative force under the facts in this case." As the whole case turned upon the condition and value of the eggs at the time of their arrival and sale at destination, we think evidence of their condition at the time shipped was quite pertinent as bearing upon their probable condition at the time they reached their destination, when admitted in connection with testimony showing the usual effect of shipment. Moreover, if, as appellants complain, the testimony had no probative force, its admission was immaterial and is presumed to have been disregarded by the court. Appellant's fourth assignment of error will be overruled.

[6] In their fifth assignment of error appellants complain of the admission of testimony as to the market value of the eggs at their destination at the time they were sold. The question of the market value of the eggs at destination was the crucial question in the case, and, the witnesses having qualified for that purpose, it was proper to admit evidence of their opinion upon the question. For these reasons appellants' fifth assignment of error will be overruled.

[7] In their sixth, seventh, and eighth assignment of error appellants complain of the failure of the court to render judgment in their favor. The question raises issues of fact, but the court resolved those issues against appellants. We think there was evidence which, if believed by the court, sustains the judgment, and we are therefore without power to disturb that judgment.

This disposes of all of appellants' assignments, and the judgment must be affirmed.