## SOUTHWEST NAT. BANK OF DALLAS v. CATES. (No. 58.)

(Court of Civil Appeals of Texas. Waco.
March 13, 1924. Rehearing Denied
May 22, 1924.)

1. Chattel mortgages ⬡⟹256—Petition for Injunction against sale of stock covered by mortgage held sufficient.

Petition alleging that note was paid by delivery and acceptance of described cattle *held* not pleading of accord and satisfaction, but allegation of payment, sufficient to state cause of action for injunction against sale of cattle, cancellation of note and mortgage, and removal of cloud from title.

2. Banks and banking ⬡⟹223—Sufficiency of service on vice president of bank held fact question for trial court.

Whether vice president of bank was proper person on whom service could be had in suit to restrain sale of cattle under mortgage *held* question of fact for trial court.

3. Appeal and error ⬡⟹662(2)—Judgment reciting defendant's appearance binding on appellate court.

Judgment reciting that defendant appeared, which he may do, in person or by counsel, under Rev. St. art. 1881, is binding on appellate court.

4. Appeal and error ⬡⟹548(2)—Assignments of insufficiency of evidence not considered without statement of facts.

Assignments that judgment is not supported by evidence cannot be considered, in absence of statement of facts.

5. Appeal and error ⬡⟹527(2)—Findings and conclusions filed after time allowed not considered.

Findings and conclusions filed after ten days from adjournment of court cannot be considered.

On Motion for Rehearing.

6. Appearance ⬡⟹9(5) — General appearance by motion to dissolve injunction on ground other than jurisdiction.

General appearance is entered when defendant invokes court's judgment in any way, as by motion to dissolve injunction, on any question other than that of court's jurisdiction, without being compelled to do so by previous ruling sustaining jurisdiction.

7. Appearance ⬡⟹8(3)—Filing answer is appearance.

Filing of answer is appearance.

Error from District Court, Bosque County; Irwin T. Ward, Judge.

Suit by H. C. Cates against the Southwest National Bank of Dallas. Judgment for plaintiff, and defendant brings error. Affirmed.

Rasbury, Adams & Harrell, of Dallas, for plaintiff in error.

BARCUS, J. On May 2, 1922, defendant in error filed suit in the district court of Bosque county against plaintiff in error, alleging that on January 14, 1922, he executed his note to plaintiff in error in the sum of $2,000 due February 13, 1922, and secured same by a mortgage on certain cattle, horses, and mules, fully described in the petition; that thereafter, about March 17, 1922, his brother, R. G. Cates, acting for himself and the defendant in error, and another brother, J. D. Cates, settled and paid in full said note by the sale and delivery to plaintiff in error of 89 head of live stock, consisting of various kinds of cattle, fully described in the petition, and that plaintiff in error accepted said cattle in full satisfaction and payment of said $2,000 note. Defendant in error alleged that plaintiff in error had refused to release the mortgage on his cattle and had advertised same for sale under the mortgage, and asked for a temporary injunction, restraining plaintiff in error from selling said stock, and on final hearing that the injunction be made permanent, canceling said note and mortgage and removing all cloud from the title of said cattle. Citation was issued, directed to the sheriff of Dallas county, commanding him to serve the Southwest National Bank of Dallas, Tex., a corporation, and the sheriff's return shows that same was executed on May 5th in Dallas county by delivering a copy of the citation with a certified copy of plaintiff's petition to Southwest National Bank of Dallas, Tex., a corporation, by delivering same to J. W. Royal, its vice president.

On June 8, 1922, plaintiff in error filed its motion in said cause, asking the court to dissolve the injunction because of the insufficiency of the bond that had been given, and

because the allegations set forth in the plaintiff's petition were untrue, and denied all of the material allegations of plaintiff's application for an injunction, and prayed that the motion to dissolve be set for a day certain, and upon hearing the injunction be in all things dissolved. It does not appear from the record that any other proceedings were had in the trial court until the 4th of December, 1922, at which time the judgment final was rendered, which judgment states in part:

"The plaintiff appeared in person and by counsel and announced ready for trial, and the defendant, although having been duly and legally served and having filed an answer herein, appeared no further and was not present at trial either in person or by counsel, * * * and the court, after hearing the pleadings, the evidence, and argument of counsel, * * * is of the opinion that plaintiff is entitled to recover as prayed for."

The court rendered judgment as prayed for by plaintiff in his original petition.

On April 8, 1923, three months after adjournment of court at which the judgment was rendered, at the request of plaintiff in error, the trial court filed its findings of fact and conclusions of law. On May 28, 1923, plaintiff in error filed its petition for writ of error, and brings the cause to this court, and assigns fundamental error: First, that there was no proper service on the plaintiff in error; and second, that the defendant in error did not allege any cause of action in his petition—and then assigns error to the effect that the judgment is not supported by the testimony. There is no statement of facts in the record.

[1] We have carefully examined the petition filed by the defendant in error, and cannot agree with the plaintiff in error that it does not state a cause of action. It alleges that a note had been executed by him, payable to plaintiff in error, and that same had been paid by the delivery to and acceptance by the bank of certain cattle, describing them. It is not a pleading of accord and satisfaction, but is an allegation of payment.

[2] The judgment recites that the defendant was duly and legally served and filed an answer, and there is nothing in the record to contradict this statement. Appellant contends that service on J. W. Royal, as vice president, was not sufficient. It was a question of fact as to whether J. W. Royal was a proper person on which service of citation could be had. Miller v. First State Bank & Trust Co. (Tex. Civ. App.) 184 S. W. 618; El Paso & S. W. Ry. Co. v. Kelly (Tex. Civ. App.) 83 S. W. 855.

[3] Article 1881 of the Revised Statutes provides that the defendant in a cause may enter his appearance in open court either in person or by counsel. The judgment of the court recites that the defendant did answer. Where judgment recites that the defendant appeared, it is binding on this court. Lester v. Bank (Tex. Civ. App.) 139 S. W. 661; Purdie v. Stephensville N. & S. T. Ry. Co. (Tex. Civ. App.) 144 S. W. 364; Creosoted Wood Co. v. McKay (Tex. Civ. App.) 234 S. W. 587; Gallagher v. Teuscher (Tex. Civ. App.) 186 S. W. 409; Tammen v. Schaefer, 45 Tex. Civ. App. 522, 101 S. W. 468.

[4, 5] The assignments attacking the judgment because same is not supported by the evidence cannot be considered, because there is no statement of facts in the record. The findings of fact and conclusions of law filed after the time allowed by law cannot be considered. They constitute no part of the record. The trial court was without authority to file same after the expiration of 10 days after the adjournment of court. Beaumont Improvement Co. v. Carr, 32 Tex. Civ. App. 615, 75 S. W. 327; Wandry v. Williams, 103 Tex. 91, 124 S. W. 85; Emery v. Barfield (Tex. Civ. App.) 156 S. W. 311; Velasco Fish & Oyster Co. v. Texas Co. (Tex. Civ. App.) 148 S. W. 1184. We have, however, examined the findings of fact as filed by the court, and think they support the judgment rendered.

Finding no reversible error, the cause is affirmed.

### On Motion for Rehearing.

The appellant has filed a very exhaustive and able motion for rehearing, and contends that the court was in error in holding that the record was sufficient to show either service on or appearance by appellant in trial court.

[6] We have carefully read the motion and the authorities cited by appellant, but cannot agree with its contention. Under appellant's motion to dissolve the injunction, all the issues raised by appellee's petition could have been determined. A general appearance is entered whenever the defendant in the trial court invokes the judgment of the court in any way on any question other than that of the court's jurisdiction, without being compelled to do so by previous rulings of the court sustaining the jurisdiction. St. L. & S. F. Ry. Co. v. Hale, 109 Tex. 251, 206 S. W. 75; Guaranty State Bank & Trust Co. v. Thompson (Tex. Civ. App.) 195 S. W. 960; Arnold v. Pike (Tex. Civ. App.) 191 S. W. 207.

[7] The court in its judgment recited the fact that the defendant did answer, and there is nothing in the record to challenge said finding or to show same is untrue. The filing of an answer is an appearance. York v. State, 73 Tex. 651, 11 S. W. 869; Industrial Transportation Co. v. White (Tex. Civ. App.) 240 S. W. 1054.

Appellant's motion for rehearing is overruled.