TEXARKANA & FORT SMITH RAILWAY COMPANY v. HARTFORD INSURANCE COMPANY ET AL.

Delivered December 31, 1897.

**1. Action—Dismissal by Plaintiff—Right of Interveners.**

Insurance companies which have intervened in an action by the insured against a railroad company for the destruction of property by fire may, where the insured has assigned his claims against the company to them, continue the action after plaintiff has dismissed his suit.

**2. Practice on Appeal—Conclusions of Trial Court—Failure to File.**

Failure of the trial court to file findings of fact and conclusions of law at the term at which the judgment was rendered is not ground for reversing a judgment for plaintiff, where the judgment was not rendered until the last day of the term, and the case had been called for trial several times and postponed to accommodate the defendant, and the record contains a statement of facts agreed on by the attorneys and approved by the court.

**3. Pleading—Petition of Intervener—Adoption of Plaintiff's Allegations.**

The petitions of insurance companies intervening in an action by the insured for the destruction of property by fire may refer to plaintiff's petition and adopt its allegations as to material facts, instead of directly alleging them.

**4. Same—Same—Allegations—Exhibits.**

Insurance companies which intervene in an action by the insured for the negligent destruction of the insured property by fire need not attach as exhibits the written assignments, where their petitions set out the loss of the property, and the insurance companies' liability thereon to the insured, the payment of the amounts for which suit is brought by such companies to the insured, and assignments from the latter to themselves, and that by such payments and assignments the companies were subrogated to all the rights of the insured.

**5. Same—Several Interveners—One Supplemental Petition.**

Several insurance companies which intervene in an action by the insured to recover property negligently destroyed by defendant, may join in a supplemental petition, where the matters alleged therein are common to all of them.

**6. Interest—Insurance—Loss—Negligence—Action Against Negligent Party.**

An insurance company which pays the amount of the insurance to one whose property has been negligently destroyed by another and takes an assignment of the claim for damages, is entitled to interest on the amount paid by it.

APPEAL from Bowie. Tried below before H. C. HYNSON, Esq., Special Judge.

*Hudgins & Estes,* for appellant.—1. A fire insurance company subrogated to a part only of its insured's right of recovery for loss sustained through an alleged negligent act of a third person, can not split up the cause of action and maintain an independent suit, in its own name and

right, to recover from such third person the portion of the claim covered by such subrogation. In this case the Kizer Lumber Company were necessary parties, and all the proceedings had subsequent to the dismissal of their suit were erroneous. Railway v. Culberson, 68 Texas, 665; Ins. Co. v. Loud, 93 Mich., 139, 32 Am. St. Rep., 494, and authorities there cited; Ins. Co. v. Railway, 20 Ore., 569; 23 Am. St. Rep., 151, 158, and authorities there discussed; Grain v. Aldrich, 38 Cal., 514, 99 Am. Dec., 423; Ins. Co. v. Trans. Co., 117 U. S., 312-327; Hall v. Railway, 13 Wall., 367-373; Railway v. Hall, 64 Texas, 617; State v. Loan and Trust Co., 81 Texas, 530; Wood on Fire Ins., secs. 499-504.

2. Interest is the creature of the statute, and can not be allowed in cases not embraced in the statutory terms. In this State interest is not allowable as such in the absence of contractual relations between the parties. Rev. Stats., arts. 3097, 3098, et seq.; Close v. Fields, 2 Texas, 238; Davis v. Thorne, 6 Texas, 486; Railway v. Conway, 8 Colo., 1; Railway v. Muldrow, 54 Texas, 234; Railway v. Jackson, 62 Texas, 212; Railway v. Tankersly, 63 Texas, 61.

*Chas. S. Todd* and *Rollin W. Rodgers*, for appellees.—1. Under the system of practice and procedure prevailing in Texas, one or more fire insurance companies who have paid a loss sustained by the assured through the negligence of a third person or corporation are subrogated to the rights of the assured to the extent of such payment, and have the right to intervene in a suit by such assured against the tort-feasor, and recover to the extent of such payments. Railway v. Hall, 64 Texas, 617; Goldman v. Blum, 58 Texas, 630; Harris v. Campbell, 68 Texas, 22.

2. The court did not err in allowing interest from the date of the payment made by appellees to the Kizer Lumber Company, because thereby appellant became liable to appellees for a fixed and certain amount, which was then due, as the value of personal property destroyed. Rev. Stats., art. 3101; Railway v. Tankersley, 63 Texas, 57; Railway v. Jackson, 62 Texas, 212; 2 Sedg. on Dam., 94; 3 Suth. on Dam., 238.

TARLTON, CHIEF JUSTICE.—No conclusions of fact and law were filed by his honor, who tried this case without the intervention of a jury, but the judgment imports the following conclusions of fact, which are supported by the evidence, and which we accordingly find:

On April 14, 1893, the Kizer Lumber Company, a partnership, owned a certain warehouse and certain personal property therein, of the value of $4386.16. The warehouse was situated fifteen feet north of appellant's main track, on and along Front Street, in the city of Texarkana, Texas. On that day the property was destroyed by fire, due to the negligence of the appellant railway company in the operation of a passing engine and train, without contributory negligence on the part of the Kizer Lumber Company. On September 7, 1893, the Kizer Lumber Company instituted this suit to recover from the appellant the value of the property destroyed on account of the defendant's negligence.

At the date of the fire the Kizer Lumber Company held a valid and subsisting fire insurance policy in the Hartford Insurance Company covering the property, and in the sum of $1000. At that date, also, the Kizer Lumber Company had a similar policy in the Insurance Company of North America for the same sum. On or about April 19, 1893, the Hartford Insurance Company paid to the Kizer Lumber Company the full amount then due upon its policy, viz., $958.29, and the Insurance Company of North America paid to the Kizer Lumber Company the sum of $942.32, representing the amount for which it was then legally liable. Upon these payments the Kizer Lumber Company executed to each of the insurance companies an instrument in writing whereby it assigned, transferred, and subrogated to them respectively its claim against the appellant, to the extent of the sums respectively paid by the insurance companies. Thereafter, on March 9, 1894, each of these insurance companies filed a petition in intervention, praying judgment by virtue of the foregoing payment and subrogation against the railway company in the sums respectively paid to them, with legal interest from the date of the payment, April 19, 1893.

About two years and a half after the insurance companies had intervened, and after the co-operation by the plaintiff with interveners in the prosecution of the suit against the railway company, the latter purchased from the trustee of the Kizer Lumber Company the lots where the building had been erected, paying for the property purchased the sum of $6000. Thereafter, on September 21, 1896, the plaintiff filed a dismissal of its suit, to which on the same date the interveners filed an opposition, resisting the dismissal on the ground that their pleadings show an interest in the subject matter of the suit, and pray for affirmative relief against both the plaintiff and the defendant. The dismissal was granted, but, as shown by the final judgment, without prejudice to the rights of interveners.

The trial resulted in a judgment against the appellant in favor of the Hartford Insurance Company in the principal sum of $958.29, and $227.60 interest, and in favor of the Insurance Company of North America in the principal sum of $942.32, and $219.21 interest. Hence this appeal.

*Conclusions of Law.*—We conclude as follows upon the questions presented in the appellant's brief:

1. The action of the court in permitting the insurance companies to prosecute their demands against the appellant after the dismissal of the Kizer Lumber Company was not erroneous. The conduct of the plaintiff in dismissing its suit could not deprive the interveners of the right to prosecute each its demand against the defendant. Under the liberal system prevailing in this State as to the joinder of parties plaintiff and of causes of action, it would have been erroneous to dismiss the pleas in intervention, promptly and properly asserted in the first instance by the insurance companies, on account of the conduct of the plaintiff in dismissing its

suit, whatever may have been the motive which prompted it. No reason is perceived which would require the dismissal of the suits of the interveners and a resort to a separate action by them against the defendant. Goldman v. Blum, 58 Texas, 630; Harris Co. v. Campbell, 68 Texas, 22.

2. A bill of exceptions shows that this cause was tried by a special judge; that the judgment was rendered at about 2 o'clock p. m., April 3, 1897, the last day of the term; that the defendant's motion for a new trial was overruled by the court at 4:30 p. m. of that day; that the defendant then and there requested the court in writing to file his findings of fact and conclusions of law, and that these findings and conclusions were not filed; that the court adjourned at 6 p. m.; that the case had been called for trial several times during the last week of the court, and postponed to accommodate the defendant; that the delay in concluding the trial was caused by the defendant; and that the findings and conclusions requested were not filed at the adjournment of the court because the court had not the time to perfect them. The record contains a statement of facts agreed upon by the attorneys and approved by the court. Under these circumstances, we overrule the assignment urging error on the ground of a refusal to comply with the request to file findings of fact and conclusions of law. Morrison v. Faulkner, 80 Texas, 128.

3. The plaintiff's amended petition alleges that the defendant is a corporation, and that the Kizer Lumber Company was the owner of the property destroyed, and the acts of negligence on the part of the defendant resulting in the burning of the property. The petitions of the interveners refer to this petition, and in effect adopt the allegations of the plaintiff. It was proper that the interveners should thus make the plaintiff's allegations their own, and hence we overrule the assignment urging error on the part of the court in overruling the general demurrer to the interveners' petitions, because they did not allege the ownership of the property as in the Kizer Lumber Company, and because they failed to show the acts of negligence on the part of the defendant in the burning of the property, and because they failed to aver that the defendant is a corporation. Milling Co. v. Eaton, 23 S. W. Rep., 455.

4. The interveners in their petitions set out the policies, allege their loss and liability on account thereof to the Kizer Lumber Company, the proof of loss, the payment of the amounts for which suit is brought by them to the Kizer Lumber Company, set out, in effect, the assignments by that company to themselves, and assert that by these payments and these assignments they were subrogated to all the rights of the Kizer Lumber Company. It was not necessary, upon special exception, that they should attach as exhibits the written assignments or subrogations.

5. The interveners joined in a supplemental petition, replying to the defendant's answer. The matters therein alleged were common to both of them. It was not necessary that each should file a separate supplemental petition.

6. The evidence was sufficient to justify an inference that the fire occurred by reason of the defendant's negligence. The testimony

of the witness Tom Lawrence, which we find it unnecessary to set out, made out a prima facie case of negligence, and while the testimony of the defendant's engineer, Al Campbell, tended to rebut the inference to be drawn from the testimony of the intervener's witness, by showing that the engine was in excellent condition, and was provided with the best appliances for arresting sparks, the credibility of this witness was for the court. His testimony, in material respects, conflicted with that relied upon by the interveners. Thus, he testifies that in operating the engine he was backing on a slight up-grade, about forty-five feet to the mile; that there was no stalling of the train, and no extra working of the steam; that the speed of the train was about ten miles per hour. Whereas, the appellees' witness J. B. Kizer testified that he noticed the engine puffing round the warehouse, and it had to back back and take a run to get up to the depot; and the witness Lawrence states that the train got stuck, and had to back back and start again, and when they came up next time they were running about eighteen or twenty miles per hour, and that the engine was throwing out sparks.

7. The court properly allowed interest upon the demands of the appellees, because by the payments made by them to the Kizer Lumber Company the appellant, under the facts of this case, became liable to them in fixed and certain sums then due. Railway v. Jackson, 62 Texas, 212; Tel. Co. v. Carver, 39 S. W. Rep., 1021.

These conclusions dispose of all the questions presented in the appellant's brief, and lead to an affirmance of the judgment; which is ordered.

*Affirmed.*

Writ of error refused.