HARRIET G. TENZLER ET AL. v. W. T. TYRRELL ET AL.

Decided May 13, 1903.

**1.—Findings of Fact—Request for—Practice on Appeal.**

Where the case is tried by the court without a jury and there was no request that the court should find upon certain issues of fact and no complaint was made on that score until after an appeal had been perfected, such complaint comes too late.

**2.—Bond for Title—Limitations—Mortgage.**

Where S. executed a bond for title to J. and afterwards executed to another a mortgage on the same land, this could not put limitations in motion against the rights of the obligee in the bond until the obligor had been requested and had refused to perform the condition of the bond as to making a deed,—the payment of the consideration being acknowledged therein.

**3.—Same—Bond Passing the Legal Title.**

The ruling in Tomkins v. Broocks, 43 S. W. Rep., 70, holding that the bond for title involved in this case did not pass the legal title, is reviewed, but the

point held immaterial here, since appellees in this case connected themselves with the equitable title it conveyed.

**4.—Same—Duplicate—Record—Copy.**

The fact that a bond for title, signed and acknowledged by the obligor and recorded, purported on its face to be a duplicate, did not warrant the assumption that it was a copy of the original bond that was recorded.

**5.—Same—Limitation of Three Years.**

A bond for title, where the consideration for the land has been paid, will support the plea of three years limitations as against the heirs of the obligor in the bond.

Appeal from the District Court of Jefferson. Tried below before Hon. J. D. Martin.

*J. F. Lanier, H. C. Mayer,* and *Stewart, Stewart & Lockett,* for appellants.

*Greer, Greer & Nall,* for appellees.

FLY, ASSOCIATE JUSTICE.—This is an action of trespass to try title to two-thirds of the south one-half of the Samuel Stivers league in Jefferson County, instituted by appellants, Harriett Genevieve Tenzler, Lydia E. Locke Livermore and her husband Daniel H. Livermore, Harriett A. Locke Harmon and her husband E. C. Harmon, and Frank C. Locke, Jr., against W. E. Tyrrell and John H. Broocks. The cause was tried by the court without a jury, and judgment was rendered in favor of appellees.

We adopt the following findings of fact of the trial court as the conclusions of fact of this court:

"The land in controversy is two-thirds of the south half of the Samuel Stivers league of land in Jefferson County, Texas. The league was granted to Samuel Stivers by the government of Coahuila and Texas, February 21, 1835. Samuel Stivers conveyed to S. S. Tompkins by deed the south half of the above league, July 28, 1842. On the 9th day of August, 1842, S. S. Tompkins executed in favor of J. R. A. Tompkins, in duplicate, a bond for title wherein he obligated himself to convey the south half of above league to J. R. A. Tompkins, his heirs and assigns, by a good and bona fide deed. The above instrument was first recorded in Jefferson County, October 16, 1878.

"S. S. Tompkins and J. R. A. Tompkins were brothers. S. S. Tompkins resided in Texas and J. R. A. Tompkins resided in the State of Tennessee. S. S. Tompkins died August 3, 1876, and left surviving him by marriage three children, viz., Frank Tompkins, a son, and Mrs. Harriett G. Tenzler and Mrs. Stephana Samuella Locke, daughters. That Frank J. Tompkins is dead, and that defendants acquired by a judgment of the District Court of Jefferson County whatever interest he owned in the south half of the Stivers league. That Mrs. Stephana Samuella Locke on the 17th day of October, 1869, married Henry A. Locke. That both husband and wife are dead, and left surviving them

three children, viz., Lydia E. Locke and Harriett A. Locke, daughters, and Frank C. Locke, Jr., a son. That Lydia E. Locke married Daniel H. Livermore in April, 1891, and that Harriett A. Locke married E. C. Harmon in 1897, and that both of said marriages are subsisting.

"That plaintiff Mrs. Harriett G. Tenzler is a feme sole and has been since the year 1876. That J. R. A. Tompkins, brother of S. S. Tompkins, died in the State of Tennessee in the year 1879, leaving surviving him by marriage the following children, viz., J. A. Tompkins, Joel M. Tompkins, Dr. W. R. Tompkins and James S. Tompkins, sons, and Mrs. Eliza Harrison, a daughter. That J. A. Tompkins died unmarried without issue and intestate in 1889. That Joel M. Tompkins died unmarried, without issue and intestate in 1882. That Dr. W. R. Tompkins died intestate in 1888, leaving surviving him three children, viz., W. R. Tompkins, Charles D. Tompkins and James Tompkins. That James S. Tompkins, son of J. R. A. Tompkins, died in 1876, leaving a son, viz., Joel M. Tompkins, and his widow who afterwards married J. W. Malone. That Mrs. Eliza Harrison, only daughter of J. R. A. Tompkins, died intestate in 1878, leaving as her sole heir a daughter whose name is Mary V. Goodale, wife of F. L. Goodale.

"That Mary V. Goodale, joined by her husband, conveyed to W. R. Tompkins an undivided one-third of south half of Stivers league, June 28, 1892. That W. R. Tompkins conveyed by deed to John H. Broocks an undivided interest of 984 acres in south half Stivers league, December 14, 1892. That on April 11, 1898, John H. Broocks acquired complete title to the interests of the minors Charles L. Tompkins and James Tompkins in south half of said survey. That John H. Broocks conveyed to W. C. Tyrrell 1336 acres of south half of said league by metes and bounds, March 29, 1898. That John H. Broocks conveyed to W. C. Tyrrell by deed 1878 acres of south half said survey March 29, 1899, making in all the south half of said league and a portion of north half. That John H. Broocks went into possession of the south half of said survey about January 1, 1894, and began making improvements thereon, and that he and his vendee under a consecutive chain of title have held continuous adverse uninterrupted peaceable possession of the premises for more than three years next before the filing of this suit. That Frank C. Locke, Jr., was only 19 years old when suit herein was begun."

The eighth, ninth and tenth assignments of error complain of the failure of the district judge to find that S. S. Tompkins had repudiated the bond for title executed by him to J. R. A. Tompkins, and had exercised the rights of ownership over the land, and that Mrs. Tenzler had in 1877 repudiated the bond for title. There was no request upon the part of appellants that the trial court should find upon the issues named, and no complaint was made on that score until after an appeal had been perfected to this court. It would be manifestly unjust to the trial court to permit such practice, and appellants will not be heard to complain in this court of an omission to find on issues about which they did not concern themselves on the trial. Fitzhugh v. Franco-Texas Land Co., 81

Texas, 306; Lanier v. Foust, 81 Texas, 186; Cattle Co. v. Burns, 82 Texas, 50; Tackaberry v. Bank, 85 Texas, 488.

The mortgage given by S. S. Tompkins to James N. Dupree in 1857, on the land in controversy, was not recorded in Jefferson County, and it was not shown that J. R. A. Tompkins had any notice of the execution of the mortgage. Even if it had been brought to the knowledge of J. R. A. Tompkins, it would not have started limitation to run, because the cause of action could not have accrued until S. S. Tompkins had been requested and had refused to perform the conditions of the bond for title. There was no evidence to that effect in the record. The declarations made by S. S. Tompkins to his daughter, Mrs. Tenzler, were properly excluded. They were not made in denial of a request to execute a deed, they were not brought home to J. R. A. Tompkins, and were inadmissible under article 2302, Revised Statutes. Reddin v. Smith, 65 Texas, 26; Parks v. Candle, 58 Texas, 216.

One branch of this case was before the Court of Civil Appeals of the First Supreme Judicial District, and in passing upon the bond for title given by S. S. Tompkins to J. R. A. Tompkins it was held that it did not pass the legal title, but that it showed on its face that the obligor had sold the land to the obligee, and that the consideration for it had been paid. Tompkins v. Broocks, 43 S. W. Rep., 70. A writ of error was refused by the Supreme Court. In writing that opinion, however, the case of Baker v. Westcott, 73 Texas, 129, seems to have been overlooked, for in that case the Supreme Court held that a similar bond for title passed the legal title to the land.

The Supreme Court said: "Whenever the language of the conveyance evidences the intention of the grantor to convey the entire dominion, ownership, and control of the land immediately to the grantee, it should be held effectual for this purpose as any other conveyance by either of the modes of transferring title recognized by the common law. That a consideration is not necessary to the validity of a deed conveying land, has been held in the courts of many of the States. * * * If the instrument in this case was a mere executory contract, the rule of equity would probably require proof of a consideration in order to enforce it, although this is ordinarily presumed from the use of a seal. But we think this instrument in effect a deed which conveyed the legal title to Westcott." In that case the obligor relinquished the title whenever the obligee became a citizen of Texas. In the case now under consideration, the obligor bound himself to make "a good and bona fide deed to the land whenever called upon so to do." The payment of the consideration was acknowledged.

It does not matter, however, whether the title acquired through the bond was a legal or equitable one, as either would support the judgment in this case. If the bond for title conveyed the legal title of the land, appellants' case was fully met, and whether appellees had connected themselves with it or not, appellants could not recover. If the bond for title conveyed only an equitable title, appellees connected themselves

with it by deeds duly executed by some of the heirs of J. R. A. Tompkins, and appellants could not recover. In either event it would not matter whether the deed from Mary V. Goodale and Frank L. Goodale to W. R. Tompkins was properly admitted in evidence or not.

It is contended that a certified copy of the bond for title executed by S. S. Tompkins to J. R. A. Tompkins should not have been admitted in evidence, because it had at the top the word "Duplicate," and at the bottom, after the certificate of acknowledgment, the following words: "Received of J. R. A. Tompkins two dollars and fifty cents, with which I will pay the tax on the land described in and for the registration of the original of this duplicate instrument." The contention is that it appears from these words that a copy of the original bond for title was recorded, and that therefore the copy of the recorded instrument was the copy of a copy. The recorded instrument purports to be a duplicate, and appears to have been signed and acknowledged by S. S. Tompkins. It is mere speculation to claim that there is any evidence that it was a copy of the original bond for title.

Through the eleventh assignment of error appellants urge that appellees should not have recovered because they had specially pleaded res adjudicata, and should have been confined to that issue. The assignment can not be sustained, if for no other reason, because John H. Broocks, Jr., to whom the court found the land belonged, did not plead res adjudicata.

The evidence supported the ruling of the trial court that John H. Broocks had acquired title to the land as to all the appellants, except Frank C. Locke, Jr., by three years limitation. The consideration for the land having been paid, the bond for title would support the plea of three years limitation as against the heirs of the obligor in the bond. Elliott v. Mitchell, 47 Texas, 445; Downs v. Porter, 54 Texas, 59.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.