**INDUSTRIAL TRANSP. CO. v. WHITE et al.**
**(No. 6748.)**

(Court of Civil Appeals of Texas. San Antonio. May 3, 1922.)

1. **Appeal and error ⊗⟾934(2)—Judgment presumed correct, in absence of contradictory statement of facts, where it recites that defendant, though present, made no objection.**

Where the name of a plaintiff who defendant claimed was not named in the original petition or citation appeared in the petition as copied in the transcript and was there when the matter was heard by the trial court, whose judgment recited his name, the appellate court, in the absence of a statement of facts contradicting such finding, will indulge every presumption in favor of the correctness of the judgment, especially where it recited that defendant was present, but made no objection and preserved no exception.

2. **Trial ⊗⟾392(2)—Request for findings of fact must be made during term at which trial was had.**

A request for findings of fact, under Rev. St. arts. 1989, 2075, must be made to the court, or its notice called thereto, during the term at which the trial was had.

3. **Appeal and error ⊗⟾907(3)—Evidence presumed sufficient to support judgment, in absence of statement of facts or separate findings.**

In the absence of a statement of facts or separate findings, every presumption will be indulged that the evidence was sufficient to support the judgment.

4. **Appeal and error ⊗⟾662(1)—Where record shows defendant was properly before court as stated in judgment, latter must be given full faith and credit, in absence of anything in record to contrary.**

Where the record shows that defendant and all the parties named in the judgment were properly before the court, the judgment must be given full faith and credit, in the absence of any record complaining of any fact established to the contrary.

5. **Appearance ⊗⟾24(5)—Appearance a waiver of defects, in citation in absence of question properly raised in limine.**

An appearance by answer, filed in defendant's name, will be treated as a waiver of any defect or irregularity in the citation, in the absence of any question properly raised in limine.

6. **Interest ⊗⟾18(2)—For breach of contract in consideration of which stock was purchased, 6 per cent. may be recovered from January 1 following execution of contract, as on open account.**

In a suit for breach of a contract to place a store in a certain town in consideration of plaintiff's purchase of stock, where neither the date of the breach nor any contract expressly calling for 8 per cent. interest on the money, except that the stock bore such interest, was alleged, and the petition was uncertain as to when payment was to be made, plaintiff was entitled to only 6 per cent. interest from January 1st after the contract was entered into; the suit being on an open account within Rev. St. art. 4978.

Error from District Court, Bosque County: O. L. Lockett, Judge.

Suit by J. B. White and others against the Industrial Transportation Company. Judgment for plaintiffs and defendant brings error. Reversed and rendered.

W. M. Pierson, of Dallas, for plaintiff in error.

Geo. P. Robertson, of Meridian, for defendants in error.

COBBS, J. This was a suit by defendants in error to recover of plaintiff in error a judgment in the total sum of $2,630, with 8 per cent. interest. It was alleged that plaintiff in error, through their agents, solicited defendants in error to subscribe for stock in the Industrial Transportation Company, a private corporation under the laws of this state, to the amount of $2,630, under an express promise and agreement to establish a store of its kind for handling groceries and general produce of all kinds in Iredell, Bosque county, Tex., and the money paid would remain in Iredell, Tex., for the purpose of maintaining and running said business, and defendants in error, relying upon such representations, paid into said corporation said sum of money, and have been damaged to said amount, together with 8 per cent. interest thereon per annum as specified in the stock of said corporation; that plaintiff in error breached the contract, and fails and refuses to locate or place a store as agreed in Iredell, Tex., and the representations were made to defendants in error for the fraudulent purpose of swindling them out of said money, and they were defrauded by plaintiff in error through said false and fraudulent representations to the amount of $2,740, with 8 per cent. interest per annum as specified in said stock certificate to the total damage of $3,000.

There is on file what purports to be a transcript of the proceedings. The clerk certifies "that the foregoing 55 pages contain a true and correct copy of all the proceedings in" the cause. While certified to by the clerk on the 14th day of June, 1921, and while signed officially, it is not so "officially with the seal of the court attached." This purported transcript was filed in the Court of Civil Appeals at Fort Worth on the 20th day of June, 1921. Defendants in error have made no motion to dismiss the appeal or to strike out transcript. Notwithstanding the statutory requirement as to what the transcript shall contain (article 2114, R. S.), it has been held that such defect may be corrected. Wright v. Bonta, 19

Tex. 388; Mary Freeman v. Collier Racket Co., 101 Tex. 60, 104 S. W. 1042; Conner v. Downes et al., 32 Tex. Civ. App. 588, 74 S. W. 781, 75 S. W. 335. Rule 90 (142 S. W. xxiii). The transcript is not correct as certified to, and for the purpose of perfecting it the parties by agreement in writing and by order of the trial court sent with the record what purports to be all the court papers. We find on file (not included in the purported transcript) an answer filed on the 20th of September, 1921, signed by J. P. Word, attorney for the defendant, meaning for the Industrial Transportation Company, being the only defendant named in the case.

[1] It is claimed that the original petition as filed did not have the name of G. W. Mingus as one of the plaintiffs originally named therein, nor was he so named in the citation that was served on plaintiff in error. As to when the name was inserted therein is not shown, but the name appears in the petition as copied in transcript, and was there when the matter was heard by the trial court, as his name is recited with those of the other plaintiffs in the judgment of the court, and, there being no statement of facts contradicting the judgment of the court so finding, we shall indulge every presumption in the correctness of the judgment. Especially as the judgment recites the defendant was present in court, through its attorney, and made no objection to or preserved any exception to the judgment of the court, and gave the court, neither by timely objection nor by motion for new trial, an opportunity to correct the same, if error. There was no statement of facts filed in the case, nor findings of fact or conclusions of the court filed during the term. The court adjourned for the term on the 31st day of December, 1920.

[2] On March 23, 1921. plaintiff in error, after the terms had ended, filed a motion for the court to prepare statement of facts and submit same to the attorney for defendant, being entitled thereto "in case of default judgment." This was directed to George P. Robertson, attorney of record for plaintiffs, and was not made to the court, nor was his notice called thereto. Article 1989, R. S., requires the trial judge to, when requested, state in writing the conclusions of fact found by him separately from the conclusions of law. Article 2075, R. S., provides that—

The judge "shall have ten days after adjournment of the term at which a cause may be tried in such court in which to prepare his findings of fact and conclusions of law in cases tried before the court, when demand is made therefor."

To have the advantage of the foregoing provisions of the law, such request must be made in term time, directed to the judge, whose attention must be called thereto, in the first instance, and have the record show the same. It does not answer to file a motion of this kind after the adjournment of the court, and especially so, to address such request to counsel of the opposite party. No authority is cited to support the contention. A request for the findings, to be available, must be made during the term at which the trial was had. Railway v. Hartford Ins. Co., 17 Tex. Civ. App. 498, 44 S. W. 533; Williams v. Planters' & Mechanics' Nat. Bank (Tex. Civ. App.) 44 S. W. 617; W. U. Tel. Co. v. Trice (Tex. Civ. App.) 48 S. W. 770; Caldwell v. Dutton, 20 Tex. Civ. App. 369, 49 S. W. 723; Tenzler v. Tyrrell, 32 Tex. Civ. App. 443, 75 S. W. 57; Baily v. Fly, 35 Tex. Civ. App. 410, 80 S. W. 675; Caplen v. Cox, 42 Tex. Civ. App. 297, 92 S. W. 1048.

[3] Every presumption in the absence of a statement of facts or separate findings of the court will be indulged in favor of the judgment of the trial court that there was sufficient evidence before the court upon which the judgment was pronounced.

[4, 5] Instead of being a default judgment, the contrary appears, that it was on a hearing upon its merits. The record shows that the defendant and all the parties named in the judgment were properly before the court. Because of the appearance of plaintiff in error before the court, through an answer regularly filed, when the judgment was pronounced, as therein stated, in the absence of any record complaining of any fact established to the contrary, the trial court's judgment must be given full faith and credit. This appearance, by answer filed in the name of the defendant, nothing shown to the contrary, will be treated as a waiver to any defect or irregularity in the citation, about which so much complaint is made in the absence of any question raised properly in limine. The voluntary answer and appearance of plaintiff in error, who pleaded to the petition on its merits, concludes any objection to the process or the petition.

[6] This petition shows on its face a recovery is sought on an alleged breach of the contract. There is no date alleged when the breach occurred, nor any contract expressly calling for 8 per cent. interest to be paid on the money, except that the stock purchased bore 8 per cent. interest per annum, and in the prayer of the petition it prays to recover $2,630, with 8 per cent. interest per annum from the 1st day of September, A. D. 1919. It was, in effect, a suit on an open account, and would bear interest from January 1, 1920. Because of the uncertainty in defendants in error's petition as to any date when the payment was to be made, except in the prayer of the petition, we do not believe any interest should be allowed prior to January 1, 1920. Article 4978, R. S. As this judgment presents on the face of the record and the petition a fundamental error, it cannot be sustained.

In respect to all the other questions presented by the assignments of error, as dis-

cussed above, in the absence of a statement of facts or the court's separate findings, except the judgment, we cannot determine aliunde the record any reason to question the judgment further. All the parties were before the court properly, and the court is presumed to have sufficient evidence upon which to pronounce its judgment, and, other than the one assignment sustained upon the ground of fundamental error in the judgment, they are all overruled.

The judgment of the trial court is therefore reversed and here rendered that defendants in error do have and recover of plaintiff in error the sum of $2,630, with 6 per cent. interest from January 1, 1920.