### GRIFFIN v. McFARLANE et al.

No. 13402.

Court of Civil Appeals of Texas. Fort Worth.

Sept. 18, 1936.

Rehearing Denied Oct. 16, 1936.

Fred T. Arnold, of Graham, for appellant.

Taylor, Muse & Taylor, of Wichita Falls, for appellees.

DUNKLIN, Chief Justice.

On October 10, 1931, the partnership firm of McFarlane & McFarlane instituted this suit against Dr. H. E. Griffin and John Couger for $577.65, with interest from January 1, 1930, alleged to be the value of 3,851 six-foot cedar posts. The right of action against defendant Couger was based upon a chattel mortgage given by him to the plaintiffs covering the posts, of date October 23, 1929, and on a purchase by plaintiffs from Couger of the same posts on October 30, 1929. The right of action asserted against defendant Griffin was based upon the alleged wrongful conversion of the posts after plaintiffs had acquired their chattel mortgage thereon.

Defendant John Couger filed no answer to the suit, but judgment was rendered in his favor as against all parties, and no complaint is made here of that portion of the decree. But Dr. H. E. Griffin, the defendant, has appealed from a judgment rendered against him in favor of the plaintiffs for the sum of $462.12, with interest thereon at the rate of 6 per cent. per annum from January 1, 1930, and costs of suit.

Prior to the trial of the case a suit had been instituted by J. V. Couger as assignee of his father, John Couger, against Dr. H. E. Griffin to recover on an account for cedar posts sold to Dr. Griffin by John Couger, beginning in the year 1927 and extending to October, 1929, the account itemizing the dates and prices of such sales, all aggregating $3,950.97. Attached to that account was a written assignment by John Couger to J. V. Couger of all his right, title, and interest in the account. That suit was numbered on the docket 8732. Dr. Griffin filed an answer to that suit, setting up various items which he pleaded as offsets and credits against plaintiffs' suit, the same being the amounts alleged to be due him from John Couger, including, among other things, a note for $871.50 in his favor, executed by John Couger, also charges for medical services which Dr. Griffin had rendered to John Couger. There was a prayer in the answer for a general accounting between the parties.

That suit was tried on January 23, 1933, and final judgment was rendered in favor of J. V. Couger, the plaintiff as assignee of John Couger against Dr. Griffin, for the sum of $220, which was afterwards paid and satisfied in full by Dr. Griffin.

The judgment in the present suit, from which this appeal is prosecuted, was rendered on September 15, 1935, more than two years after the former judgment, and Dr. Griffin pleaded the former judgment as an estoppel against the present suit instituted by the partnership firm of McFarlane & McFarlane, who were attorneys for J. V. Couger in the former suit.

One of the claims urged by Dr. Griffin in the former suit was a chattel mortgage executed by John Couger on the posts in controversy in the form of a bill of sale.

The chattel mortgage on which plaintiffs based their suit expressly recited that it was given subject to the prior mortgage in favor of Dr. Griffin, and that fact was expressly pleaded by the defendant in this suit as a further estoppel against plaintiff's right to maintain the present suit, independently of that judgment.

We quote the following from the opinion of the Commission of Appeals in Stephenson v. Miller-Link Lumber Co., 277 S.W. 1039, 1040: "Any right, fact, or matter in issue and directly adjudicated upon, or necessarily involved in the determination of an action before a competent

court in which the final judgment or decree is rendered upon the litigation is conclusively settled by that judgment or decree as between the same parties, and cannot again be litigated, whether the claim, demand, purpose, or subject-matter of the two suits is the same or not."

That doctrine is restated in numerous decisions of our higher courts and also in the text in 26 Tex.Jur., § 353, p. 11; § 354, p. 14; § 359, p. 25; § 413, p. 121; § 415, p. 125; § 437, p. 179; and many other sections of the same volume. It is also the rule, that the defense of res adjudicata and estoppel extends to those who are privy in estate to one of the parties. Section 462, page 235, section 463, p. 238, and section 464, p. 239. And the following statement in section 458, p. 228, is sustained by numerous decisions cited: "While an attorney is not, as a general rule, bound by a judgment for or against his client, an attorney who has acquired an interest in the subject matter of a suit which he conducts for his client is as much bound by the judgment rendered as though he were a party, whether he formally agrees to consider it as binding upon him or not."

The pleadings of both parties in the former suit were introduced in evidence in this suit. And the evidence introduced on the hearing of the suit now before us shows conclusively that the account upon which plaintiff in the former suit sought a judgment for debt against Dr. Griffin covered all sales of posts made by John Couger to Dr. Griffin, including the posts on which McFarlane & McFarlane took a chattel mortgage, which was made the primary basis of this suit against Dr. Griffin to recover their value.

■ The former judgment was a final determination of the merits of the claims made by plaintiff therein and of the defenses thereto in the nature of offsets, credits, and payments, and a bar to a further suit by either of the parties to relitigate those issues, and, since it is conclusive as against John Couger, it is equally so as against J. V. Couger, his assignee, as plaintiff in the former suit, and also against McFarlane & McFarlane, plaintiffs in the present suit, by reason of the fact that they represented plaintiff in the trial of the former suit and the fact that the present suit is based on alleged property rights acquired from John Couger during the pendency of the controversy between the parties with full knowledge thereof. Neither they nor John Vernon Couger as assignee could have any higher rights than John Couger himself.

The findings of the jury in the former suit that the bill of sale executed to Dr. Griffin by John Couger was not given in full settlement of the account for posts sold to Dr. Griffin, that John Couger and Dr. Griffin agreed that the former would furnish posts to the latter who would give credit therefor on his account for medical services, and that on November 20, 1929, John Couger owed nothing to Dr. Griffin for medical services, were all evidentiary findings only which in no manner militated against the binding force of the judgment as a final determinative adjudication of all the issues involved in that suit.

On the trial of the present suit, the jury found that on trial of the former suit neither John Vernon Couger nor his assignor, John Couger, was given credit for posts from the Crawford filling station covered by the bill of sale executed by John Couger to Dr. Griffin; and further that the latter converted those posts to his own use. But no force or effect can be given those findings, or either of them, to overcome the defense of res adjudicata and estoppel, since so to do would manifestly impeach the verity of the former judgment as a final adjudication of all issues involved in that suit without any legal or equitable basis therefor.

From the foregoing conclusions it follows that the judgment of the trial court must be reversed and judgment here rendered that appellees McFarlane & McFarlane take nothing by their suit now before us and the defendant Dr. H. E. Griffin go hence without day; and it is so ordered.