**KIRK et al. v. HEAD et al.**

No. 13955.

Court of Civil Appeals of Texas.
Fort Worth.

Sept. 15, 1939.

Rehearing Denied Oct. 20, 1939.

Houtchens & Houtchens, Ardell M. Young, Robert V. Weddell, and J. Harold Craik, all of Fort Worth, for appellants.

Austin F. Anderson, of Fort Worth, for appellees.

SPEER, Justice.

This suit was instituted and prosecuted primarily to partition real estate between the heirs of Mary C. Walling, deceased, and to establish claims by certain heirs against the estate, fixing a lien to secure payment of such claims when established. The suit was eventually tried upon an answer and cross action by certain of the heirs, and to establish the claim by Mrs. Ollie Hurst against the estate, she being one of the heirs and an original defendant.

The original plaintiffs were permitted to take a nonsuit in their action after defendants had filed their cross action. The record does not contain the original petition of plaintiffs, since they were permitted to withdraw their suit by order of the court. The original defendants were thereafter designated as "nominated plaintiffs" and the original plaintiffs were designated as "nominated defendants." Judgment was entered in favor of nominated plaintiffs (defendants in the original suit) and nominated defendants (original plaintiffs) have appealed. With this explanation we shall refer to the parties as appellants and appellees, respectively.

In their briefs, appellants state the nature of the case as being one originally instituted by Betty Kirk, J. W. Cantwell and wife, Mary Cantwell, and A. F. Stewart, against John Hurst and wife, Ollie Hurst, Eunice Head, Charlie Goerke, Vicky Luckermeyer, and Andy Walling, seeking a partition and division of certain realty belonging to the estate of Mary C. Walling, deceased, who was the ancestor of the parties named. From parts of the original petition introduced in evidence by appellees, it appears that allegations were made to the effect that Mary C. Walling died intestate on about December 15th, 1935; that no administration was taken out on her estate and none was necessary; that at the time of the death of said Mary C. Walling, she left as her only surviving heirs, Betty Kirk, Eunice Head, Vicky Luckermeyer, Charlie Goerke, Andy Walling, Ollie Hurst and Mary Cantwell; that at the date of the death of said Mary C. Walling, she was the owner of a certain lot in the City of Fort Worth, fully described in a deed from named grantors, to which reference was made for description; also approximately 375 acres of land in La Salle County, Texas (the 375 acres is fully described by metes and bounds in the petition), which we think it unnecessary to copy here.

The answer and cross action of appellees, filed July 7th, 1937, upon which the case was tried, alleged, as did appellants' petition, that Mary C. Walling died intestate on the date set out in plaintiffs' petition; that no administration was had on her estate and none was necessary; that she owned the lands described in plaintiffs' petition at the time of her death and that she left surviving her as her sole heirs, those named in said petition; that under an oral agreement made between

Mrs. Ollie Hurst (cross plaintiff and appellee here) and the said Mrs. Mary C. Walling, appellee advanced money from time to time for payment of taxes and the preservation of said lands belonging to her mother, Mrs. Walling; that her mother had agreed and promised to reimburse her for all said sums so advanced, and that in the event she did not repay same during her lifetime she would make a will by which appellee would be fully protected; that no will was made, insofar as appellee knew; that the moneys so advanced aggregated $1,990.91, the items of which and the purposes for each item were alleged in detail.

Further allegations were made that the vacant lot in Fort Worth, Texas, nor the land in La Salle County was susceptible of partition in kind among the heirs, and that it would be necessary to sell all said property and the proceeds be divided, so as to adjust all equities between the interested parties. She prayed for the establishment of her claim; the fixing of a lien against the lands for its payment; a sale of the lands and the application of the proceeds first to the payment of costs of court, second to the payment of her debt and third, that such sums as remain be divided equally among the seven heirs named in the pleadings.

On May 16th, 1938, the original plaintiffs, appellants here, were permitted to take a nonsuit in their action, as originally instituted, and on that date they filed a general demurrer to the sufficiency of appellees' cross action and answered with general denial and a cross action in their own behalf, in which Betty Kirk alleged that the estate of the said Mary C. Walling, the deceased mother of all the parties, was indebted to her in the sum of $2,400 for care and attention of the mother during a period of time before her death, and for $17.50 for moneys expended in connection with the interment of said Mary C. Walling.

Appellants' general demurrer was overruled, and the case was tried to a jury. The court directed a verdict in favor of appellee, Ollie Hurst, establishing her claim in the sum of $2,138.41, and submitted three special issues relating to the cross claim of appellant, Betty Kirk. From these issues the verdict, as returned, found, (1) that appellant, Betty Kirk, supported and maintained her mother, Mary C. Walling, for a time prior to her death; (2) that the period of time she so maintained and supported her mother was eight months; and (3) that the reasonable value of services rendered to her said mother was $35 per month.

The judgment entered on the verdict of the jury shows that the cause came on for trial on May 26th, 1938, and that the parties appeared and announced ready for trial. The judgment recites that the court found from the undisputed evidence that Mary C. Walling died intestate on November 22nd, 1935; that there was no administration on the estate and none was necessary; that her sole surviving heirs were those named in the pleadings of all parties; that Mary C. Walling owned at her death the lot in Fort Worth and the 375 acres of land in La Salle County, Texas. These properties are described in the judgment, as they were in the pleadings. That subject to the indebtednesses owing by Mary C. Walling to appellant, Betty Kirk, and appellee, Ollie Hurst, that each of the named parties was entitled to an undivided one-seventh interest. That appellant, Betty Kirk, was entitled to be paid out of said estate before partition, $278.25, with interest at six per cent per annum from the date of the judgment, and appellee, Ollie Hurst, was entitled to be paid $2,138.41, with interest at six per cent per annum from the date of the judgment. That the land was not susceptible to partition in kind; that it was necessary to adjust the equities of all parties, that a receiver be appointed to sell the land, and the proceeds be applied in accordance with said judgment.

Appellants' motion for new trial was overruled, and they have perfected this appeal from said judgment and made bond, as required by law, in which all of the said seven heirs are named, either as makers or payees.

Many of the matters mentioned by us in the statement of the nature of this case would seem to be immaterial, but because of the matters complained of before us, we have deemed it advisable to mention them.

Appellants present this appeal on ten propositions, based upon assignments of error brought forward in their briefs. First and second propositions urged are to the effect that the court erred in overruling their general demurrer to appellees' petition in cross action, because the answer and cross action did not contain a description of the land sought to be partitioned, as required by Article 6083, R.C.S.

128

■■ There was no error in the court's action in the matter complained of, since, as we have above shown, appellants' original petition filed in the case contained a complete description of the land, and the appellees referred to that pleading and the description given, and further pleaded that the land in La Salle County, as described in appellants' petition, was unimproved and fit only for pasture purposes. That it was not susceptible to partition in kind, and alleged a maximum value thereof at not exceeding $15 per acre. The effect of these allegations by appellees was to admit the truth of appellants' allegations in these respects and to thus make them their own allegations. This manner of pleading by appellees obviated the necessity of making proof of those matters pleaded by all parties. We know of no rule of pleading that would require one party to a suit to repeat a pleading of his adversary, but he may adopt it as being true as was done in this case, and he thereby becomes bound by it as effectually as was the original pleader. Alliance Milling Co. v. Eaton et al., Tex.Civ.App. 23 S.W. 455; Texarkana & Ft. Smith Ry. Co. v. Hartford Ins. Co., 17 Tex.Civ.App. 498, 44 S.W. 533. Nor would the fact that the original plaintiffs (appellants here) took a nonsuit in their action against appellees deprive the latter of continuing to rely upon their adopted pleadings. In this respect it was said in Long v. Behan, 19 Tex.Civ.App. 325, 48 S.W. 555, 557, writ refused: "The plaintiffs had the right to take a nonsuit as to their cause of action; but, as defendant and interveners had asked affirmative relief, plaintiffs' nonsuit did not prejudice the rights of defendant and interveners to be heard on their claim."

■■ It is insisted by appellants that when they took a nonsuit, their pleadings went out of the case in the same manner as if they had been amended; many cases are cited by appellants, supporting the rule that a pleading which has been amended cannot be relied upon; but we do not think that rule applicable here, for the reason that when appellees admitted the truth of that pleading and adopted it as their own, it continued to be their pleading throughout the trial, and its withdrawal by appellants (insofar as they were concerned) did not have the effect to take it out of the case with respect to appellees' rights; it was their pleading also. However the rule is further recognized by our courts that since appellants' pleadings constituted no evidence of the facts alleged, in order to avail themselves of those things alleged, the pleadings of the adverse party must be introduced in evidence. When thus placed before the court, no necessity exists for further proof of the facts pleaded by all parties. 33 Tex.Jur., p. 649, sect. 193. The trial court properly overruled the general demurrer and the assignments complaining of that action are overruled.

The third proposition urged by appellants is that two of the owners of the land, to-wit, Charlie Goerke and Vicky Luckermeyer, were not parties to appellants' cross action, upon which judgment was entered. It is urged that no final judgment could be entered until all the interested parties were before the court; that absent these two parties the court was without jurisdiction in the case. They cite numerous authorities in support of the general rule announced. We have no doubt of the soundness of the principle repeatedly adhered to in those cases.

■ The record before us does not disclose process and service to and upon any of the parties, either in appellants' original suit or the cross action by appellees. We are confined, in this respect, to the matters reflected by the pleadings, and other recitations in the record. In our statement of the case above, we have found that appellants were two of the seven interested heirs, and they sued the remaining five to establish a claim against the estate and for partition. One of the defendants in that suit, to-wit, Mrs. Ollie Hurst, joined by her husband, answered and plead a cross action against all of the parties, which, of necessity, included all of the interested claimants. The judgment of the court recites that the parties to the suit appeared and announced ready for trial. As above shown, the court found that the seven named heirs were the joint owners of the estate, subject to the claims of Betty Kirk and Ollie Hurst. The appeal bond executed by the appellants is payable to all of the heirs other than themselves.

■■ We further find in the transcript a bill of exception granted by the court to appellants, growing out of a hearing on motion for new trial. In it is the testimony of Hon. Austin Anderson, counsel for appellees, to the effect that he had previously filed an answer to the original suit for the two heirs, Goerke and Lucker-

meyer, but that he did so at the instance of other heirs whom he was representing; that he later learned from Hon. S. F. Houtchens that he represented the two named parties; that is, that Mr. Houtchens had purchased their interest in the estate. Mr. Houtchens is counsel for appellants. In overruling the motion for new trial, without any expressed findings on the fact of whether or not Mr. Houtchens represented or owned the interest of the two heirs, it will be concluded that the finding was against the contention of appellants. These were matters of fact for determination by the court, and we cannot say that there is no evidence to support his findings. Autry v. Dallas Railway & Terminal Co., Tex.Civ.App., 98 S.W.2d · 254, writ dismissed; St. Louis B. & M. Ry. Co. v. Cole, Tex.Com.App., 14 S.W.2d 1024; Wichita Falls & S. Ry. Co. v. Holbrook, Tex.Civ.App., 50 S.W.2d 428, affirmed by Supreme Court, 125 Tex. 184, 78 S.W.2d 938; Sproles Motor Freight Lines v. Juge, Tex.Civ.App., 123 S.W.2d 919, writ dismissed, correct judgment. Moreover, the implied finding by the trial court under the undisputed facts related, is that Mr. Houtchens had acquired the interests of the two heirs and participated in the trial of the case at all times thereafter, and under such conditions we think the interests were represented and are bound by the judgment. We recognized this rule as reflected in the opinion written by Chief Justice Dunklin in case of Griffin v. McFarlane, Tex.Civ.App., 96 S.W.2d 1000, wherein he quoted the doctrine as laid down in 26 Tex.Jur., p. 228, sect. 458. We see no merit in the assignment and it is overruled.

■ Appellants' fourth and ninth propositions are to the effect that since appellees' action was brought against the owners of a deceased person's estate within the administration period under an allegation that no administration was had on the estate and none was necessary, and having made no proof of those allegations, no judgment could be properly rendered in appellees' favor. We have previously shown that these same allegations were made by appellants in their original petition, and that the petition was introduced in evidence. This made it unnecessary to prove that the alleged facts were true. What we have said above in this respect disposes of appellants' contention adversely to them and the assignments are overruled.

Fifth and sixth propositions charge that the instructed verdict in favor of Mrs. Ollie Hurst to fix her claim in the amount for which judgment was entered, was erroneous for the reasons, (a) whether or not the mother had agreed to repay the advancements was a fact issue and that it should have been submitted to the jury, and (b) the evidence in support of her claim was too vague and uncertain to establish it as a fact.

■ It would unnecessarily extend this discussion to give the evidence adduced upon the trial, but we think it sufficient to support the charge. In brief, it appears that over a period of years Mrs. Hurst advanced the money and paid the taxes which included an assessment by a water improvement district, all aggregating approximately $1,500. She paid doctor's bills and other items. To her checks for taxes were attached the tax receipts and releases of the tax liens. The doctor also testified to the correctness of his bill and said Mrs. Hurst paid it. The testimony complained of as being too vague and uncertain was not dependent alone upon the evidence of Mrs. Hurst, an interested party, but was corroborated by the exhibits attached to the canceled checks, and by the testimony of the disinterested witnesses, Star, Anderson and Dr. Covey. The assignment must be overruled.

■ The seventh proposition asserts that it was error for the court to give a peremptory instruction for the jury to find for appellees in the amount of the claim proven by them, for the reason appellees had offered no testimony tending to show that the amounts expended and advanced were reasonable and necessary. In the first place, as above indicated, much of the advancements consisted of taxes. It is difficult for us to conceive that before one could recover for such an advancement that he must prove they were reasonable. The amounts assessed and collected as taxes may or may not be reasonable, if viewed from one standpoint, but are necessary as a matter of law to the protection and preservation of the title to the property. In the second place, other items, such as doctor's bills, incurred by the mother, which appellees were obligated to pay, were proven by the testimony of Mrs. Hurst, and corroborated by her canceled checks. The doctor testified that each check was received by him and credited on the account in payment of his services rendered to

Mrs. Walling. A third and, we think, a sufficient answer to this assignment, is that there was no objection or exception urged by appellants to the giving of the charge complained of.

The record shows that much time was devoted to making proof of the several items claimed. So much so that the trial court urged counsel not to cover all the ground with each but to inquire of the witness concerning all. After the lengthy direct examination of Mrs. Hurst, only one question was asked her on cross examination, and that was this: "The taxes on the property are between $30.00 and $35.00 a year?" To which the witness responded in effect that that would be about an average. Her testimony was not attacked or disputed by any other party or witness. The evidence was undisputed, and corroborated as above shown. The charge complained of here was not objected to or exception taken when given. Any objection that appellants may have had to it was waived by them. Article 2185, R.C.S.

The eighth proposition is based upon an assignment that the court erred in finding that the lands in controversy were not susceptible to partition in kind, the appointment of a receiver, ordering a sale of the lands and a division of the proceeds, giving respect to the two established claims of appellants and appellees, because there was no evidence tending to support the judgment in this respect.

■ Article 6096, R.C.S., provides that if the court be of the opinion that a fair and equitable division of the land sought to be partitioned cannot be made, he shall appoint a receiver and order a sale of the real estate and the proceeds shall be returned into court and be partitioned among the parties entitled thereto. No yardstick seems to be provided from which it may be determined the quantum of proof necessary to enable a court to find whether or not a fair and equitable division can be made. In any event it is a question of fact for the court's determination. It may be established by circumstances, as well as direct evidence. The court in this instance found that the real estate could not be divided equitably between seven heirs and give respect to the two claims established by the jury in favor of two of the parties. The circumstances which were no doubt taken into consideration by the court, were that the Fort Worth property was a vacant lot; that the lands consisted of 375 acres of pasture land, shown to be of a comparatively small value; that it was suitable only for pasture purposes and not in close proximity to cultivating lands with which a small portion of it could be used for pasture purposes. There is very little evidence shown in regard to its value, except that its rental value for the entire tract was about $40 per year, just about enough to pay the taxes accruing on a value for taxing purposes of from $1,000 to $1,200. The claims fixed and made a lien against the property in favor of appellants and appellees respectively aggregate about $2,416. Before either of these claims could be paid, the costs of the court were to be paid. We think from the record that it is doubtful if there will be enough received at a sale to pay the costs and the two claims; the trial court no doubt took the same view of it; if this be true, neither of the heirs could have been awarded any part of the land free of the encumbrances. In such circumstances we think the trial court was warranted in finding that a fair and equitable division of the land in kind could not be made. The assignment must be overruled.

■ The tenth and last proposition asserts that it was error for the court to render judgment establishing the claim of appellees for the full amount and fixing a lien on the entire estate securing its payment, for the reason she owed one-seventh of the amount, if it was a just claim against the estate. We can see no merit in this contention. The court likewise entered judgment that each of the parties was the owner of an undivided one-seventh of the land, subject to taxes, and the proven claims. It would necessarily follow that appellant, Mrs. Hurst, as one of those who owned the estate, would owe her proportionate part of its debts and that her interest in the land would be chargeable with a lien against it for the part owed by her.

All assignments of error must be overruled, and the judgment affirmed. It is so ordered.