DANIEL E. GENARD *vs.* RALPH H. HOSMER & another.

Suffolk.    March 7, 1933. — February 14, 1934.

Present: RUGG, C.J., WAIT, FIELD, DONAHUE, & LUMMUS, JJ.

*Contract,* Construction. *Assignment. Evidence,* Competency. *Judgment. Constitutional Law,* Full faith and credit. *Res Judicata. Practice, Civil,* Findings by judge. *Words,* "Just and legal demand."

Where a bill of exceptions presented to this court following the hearing of an action at law without a jury did not purport to contain a summary of all the evidence or a report of it in full, findings by the trial judge must be accepted as true, and no finding could be said to have been contrary to the evidence.

The plaintiff in an action pending in a court of Texas assigned his claim to a resident of Texas in consideration of the payment to him by the assignee of a sum which was less than one half the amount of the claim. The assignment gave to the assignee full right to prosecute the action at his own expense in the name of the assignor; and provided that the assignor did not "guarantee the payment of said claim," that "this assignment is made without recourse," and that "the only covenant" made by the assignor was that "said claim is a just and legal demand, and no part of it has been paid." *Held,* that

(1) The covenant by the assignor was not the equivalent of a warranty that judgment for the amount of the claim would be entered in the assignee's favor in the action in Texas;

(2) The covenant did not mean that the outcome of that action should govern the determination of the question, whether the claim assigned was a "just and legal demand" or not;

(3) That question must be determined as of the time of the assignment.

In an action in this Commonwealth by the assignee against the assignor for breach of the covenant above described, it appeared that, after the assignment was given, the assignee assumed full control of the prosecution of the action in Texas for his own benefit and at no time thereafter expressly or impliedly gave the assignor opportunity to prosecute it, and that the outcome of that action was adverse to him. *Held,* that

(1) It was proper to admit evidence to show that the claim assigned was a "just and legal demand" at the time of the assignment;

(2) Said covenant not having been in issue in the action in Texas, the question of giving full faith and credit to the Texas judgment under art. 4, § 1, of the Constitution of the United States was not involved in the action here;

(3) The issues and parties in the action in Texas not having been the same as those in the action here, the doctrine *res judicata* was not applicable in the action here;

(4) The principle of law, that, when a person is responsible over to another on some claim and is duly notified of the pendency of an action involving such claim and requested to take upon himself the defence of it, he is no longer a stranger to the action, but is bound by the judgment entered therein, was not applicable.

At the hearing of an action at law without a jury, requests for findings of fact impose no obligation upon the trial judge to grant or to refuse them; his duty is to pass upon pertinent requests for rulings of law and to decide the action.

CONTRACT. Writ dated December 16, 1927.

The action was heard in the Superior Court by *Gray*, J., without a jury. Material facts found by the judge are stated in the opinion. He found for the defendants. The plaintiff alleged exceptions.

*P. M. Lewis*, for the plaintiff.

*H. F. Wood*, for the defendants, submitted a brief.

RUGG, C.J. This is an action of contract. The cause of action is the alleged breach of a covenant in an assignment given by the defendants to the plaintiff. There were two hearings before the same judge of the Superior Court, who made findings and rulings. The evidence is not reported in full and the bill of exceptions does not purport to contain a summary of it all; therefore the findings of fact must be accepted as true. The pertinent facts thus displayed are that at the time of the assignment, June 1, 1922, the defendants (hereafter called the Hosmers) were plaintiffs in an action pending in a court in Texas against the New York Buyers Association to recover losses sustained by paying a draft with bill of lading attached covering a carload of eggs, the amount of the claim being $2,550.62. The Texas court had jurisdiction of all parties to that action. The Hosmers executed and delivered to the plaintiff an assignment of that claim and

cause of action pending in the Texas court for the sum of $1,000, which was paid. That assignment gave to the plaintiff full right, but at his own expense, to prosecute the cause of action and enforce judgment in the Texas court in the names of the Hosmers and contained this clause: "But it is understood we do not guarantee the payment of said claim or any part thereof, and this assignment is made without recourse, and the only covenant we make is that said claim is a just and legal demand, and no part of it has been paid." The Texas attorney who had brought the action for the Hosmers ceased to act for them after the assignment but continued to prosecute the action in their names in behalf and for the benefit of the plaintiff in the case at bar, who assumed full control and direction of the case. At no time thereafter was opportunity to prosecute the case expressly or impliedly offered to the Hosmers. Depositions of the Hosmers were taken and used at the trial in Texas. They sold their claim with a face value in excess of $2,500 to the plaintiff for $1,000 because, thereafter, they were to have no further expense and trouble in connection with it. The trial court in Texas found for the defendant in that action and the plaintiff (as set forth in the exceptions) "appealed — first to the Court of Civil Appeals . . . and thereafter to the Supreme Court of Texas," but was unsuccessful in both appeals. (The only Texas decision to which our attention has been directed is *Hosmer* v. *New York Buyers' Association*, 258 S. W. 853, by the Texas Court of Civil Appeals.) Subject to the exception of the plaintiff, one of the Hosmers gave testimony, which is not reported, to show that the claim assigned to the plaintiff was a just and legal demand.

The trial judge in the case at bar found that, at the time of the assignment, (1) the Hosmers had a claim against the New York Buyers Association growing out of the losses sustained by them by reason of paying the draft in general as set forth in the assignment; (2) the claim was a just and legal demand against the New York Buyers Association, and (3) no part of the claim had been paid. "In other words" he found "as a fact that there

was no breach of the covenant in the assignment now relied upon by" the plaintiff. A general finding was made for the defendants.

The case at bar is an action on a covenant contained in an assignment to the plaintiff by the Hosmers of a "claim and demand" definitely described by reference to a pending action in a court of Texas. That covenant, so far as now in controversy, is that "said claim is a just and legal demand." The assignment contains no definition of those words. It specifies no way to ascertain their meaning. It names no tribunal by which their meaning shall be adjudicated. That must be determined by the court in which the covenant is litigated. The right meaning of the words of the covenant must be interpreted in the light of the subject matter to which they are applied and the relations of the parties to it and to each other. The subject matter of this assignment was a claim which was disputed, as all the parties knew. The one owing it had refused to pay it and the Hosmers had been obliged to bring an action in the court of a distant State to enforce collection. The plaintiff as assignee was a resident of that State. The consideration paid by the plaintiff for the assignment was less than fifty per cent of the face value of the claim. Manifestly all parties intended that the assignee was to take some risks and if successful was to reap a considerable profit. It was in substance and effect the assignment of a pending lawsuit. The assignment is unequivocal to the point that it "is made without recourse" and that the Hosmers do not guarantee the payment of the whole or any part of the claim, and that their "only covenant" is that the claim is just and legal. That covenant is to be read in the light of its context and of the assignment as a whole. One purpose of the assignment was to transfer to the plaintiff as assignee the responsibility and expense of prosecuting that lawsuit to its conclusion and to relieve the Hosmers of those burdens. That is clear from the clause conferring these rights upon the plaintiff. The covenant did not go so far as to cover any aspect of the trial of the pending action on that claim.

That was left wholly to the plaintiff. It not infrequently happens that a just and legal demand fails to prevail upon a trial. The contention of the plaintiff in substance and effect is that the covenant is the equivalent of a warranty that judgment will be entered in the Texas court for the amount of the claim. The covenant is not couched in terms of a warranty that judgment will be entered for the amount of the claim and demand, or for any amount. A covenant of that nature would have been simple to phrase if that had been the intent of the parties. It is significant that phraseology of that nature was not adopted by the parties to this covenant. The covenant contains no intimation that whether the claim is a just and legal demand shall depend upon the decision óf the lawsuit pending in the Texas court. The assignment as a whole does not require such an inference as to the intention of the parties. It is not susceptible of that construction. Since the assignment transferred control and expense of the conduct of the lawsuit to the plaintiff as assignee, the Hosmers as assignors assumed by their covenant no obligation that all the necessary and desirable witnesses would be called to testify at the trial, or that all the necessary and desirable evidence would be produced. The assignee, living in the State where the lawsuit was pending, was to assume its entire control and all its expenses. He had full charge of the method of trial. The Hosmers were relieved in these particulars. It was no longer the lawsuit of the Hosmers but of the plaintiff. The Hosmers had no power to influence the time of the trial of the case in Texas. It might be long delayed. That was under the control of the plaintiff so far as concerned the Hosmers. The terms of the covenant are cast in the present tense. They speak as of the date of the assignment and not as of the date of the trial of that lawsuit, however soon or late it might come. Although the depositions of the Hosmers were taken in support of their claim against the New York Buyers Association and were introduced at the trial in the Texas court, at no time were they called upon by or in behalf of the plaintiff to furnish other evidence in support of the claim

or to assist in that trial. The assignment was not intended to guarantee that witnesses would not die or disappear, that evidence would not be lost or destroyed or become unavailable, that all available evidence would be presented, or that the fact finding tribunal with every right intention might not go astray. The decision, reported in 258 S. W. 853, appears to have been rendered about eighteen months after the assignment.

The scope and meaning of the covenant as of the date of the assignment are to be determined in the light of these circumstances upon all evidence produced at the trial of the case at bar. The introduction of evidence was proper to the effect that the claim assigned was at that time a just and legal demand. That was the crucial date. What that evidence was is not set forth in the record. It must be assumed that it warranted the finding made. At the request of the plaintiff the trial judge ruled that this "court does not inquire into the Texas proceedings," that a "legal demand is a demand which is good in law," and that a "just and legal demand is a demand which the courts will enforce and not what the defendant may think or believe to be just and legal." The findings of fact must be presumed to have been made pursuant to those rulings of law.

It follows from the terms of the covenant rightly interpreted that the judgment of the Texas court was not decisive in favor of the plaintiff.

It is clear, also, that no question as to the full faith and credit clause of the Constitution of the United States, art. 4, § 1, is involved. The present action is not brought on the judgment of a Texas court. The subject matter of the present action is not the existence, scope, or meaning of a judgment of the Texas court. It is the meaning of a covenant in a contract between the parties to the case at bar. That covenant was not in issue in the Texas case. It does not appear that the attention of the Texas court was drawn to the assignment. There was no necessity or occasion that it should be. The claim in suit in the Texas court related to the loss to the Hosmers flowing from payment of the draft as set out in the assignment.

The decision of that court must be presumed to have been confined to the issues before it. There is nothing in the present record to indicate that it was not so confined.

The general finding in the case at bar in favor of the defendants imports a finding of every subsidiary fact necessary to that result. No finding of fact can be said to be contrary to the evidence. *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 143. No error of law is shown.

The doctrine of *res judicata* is not applicable to the case at bar. The New York Buyers Association was the defendant in the Texas litigation; that association is not a party to the present action. It is not contended that the present parties are privies to that association. Therefore the parties are not the same. The causes of action are different. The action in Texas was to recover for alleged overpayment on a carload of eggs; the present is an action for breach of a covenant made long after that alleged overpayment. The rights of the parties and the cause of action in the case at bar were not adjudicated in the Texas court. *Lunt* v. *Aetna Life Ins. Co.* 261 Mass. 469, 474. *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow*, 203 Mass. 159, 206. *Hopkins* v. *Treasurer & Receiver General*, 276 Mass. 502, 506. The case at bar in its facts is distinguishable from *Hannaford* v. *Charles River Trust Co.* 241 Mass. 196, 198.

When a person is responsible over to another on some claim and is duly notified of the pendency of an action involving such claim, and requested to take upon himself the defence of it, he is no longer a stranger but is bound by the judgment because he has had the opportunity to appear and defend the action. *Boston* v. *Worthington*, 10 Gray, 496. *New York Central Railroad* v. *William Culkeen & Sons Co.* 249 Mass. 71, 77. That principle has no application to the case at bar. The trial judge found: "In the present action the defendants were not requested to take upon themselves the prosecution of the Texas case after the assignment and it was never contemplated by the parties after the assignment that the defendants would in any manner assume the prosecution of the case.

After the assignment they had no duty or opportunity to prosecute the Texas case. They are accordingly not bound, as to this plaintiff, by the judgment in that case." So far as that finding rests upon evidence, it must be accepted as true. It is the almost irresistible inference from the terms of the assignment and the circumstances under which it was executed and delivered. It is not erroneous as matter of law. *Consolidated Hand-Method Lasting Machine Co.* v. *Bradley,* 171 Mass. 127, 132.

All the questions argued at length in behalf of the plaintiff have been considered but need not be discussed in further detail. The conclusion is that the findings of fact made by the trial judge must be accepted as true. Requests for findings of facts in an action at law impose no obligation upon a trial judge to make findings of fact. His duty is to pass upon pertinent requests for rulings of law and to decide the case. *Davis* v. *Boston Elevated Railway,* 235 Mass. 482, 494–495. The requests for rulings of law, so far as not granted, were denied rightly either as immaterial in view of the facts found or other rulings made, or as not sound in law.

*Exceptions overruled.*