Erro, J.
This is -an action of tort by which the plaintiff seeks to recover for personal injuries received as- a result of the alleged negligence of the defendants. The answer is a general denial and a plea of contributory negligence.
The defendants, who are co-partners', conduct a business in a former railroad freight shed in Natick. There are two entrances to the building, -one being located on the -easterly side thereof, while the other is on the westerly ¡side, along which are located the railroad tracks. There is a “glassed-in office” in the southeasterly corner of the building.
On the day of the alleged accident, there were grain bags piled along the north and east -sides of the building, and another row of bags- piled parallel to these grain bags- with an alley between them of three or four feet wide. All these rows were piled about ¡six feet more or less at the highest point and tapered down to only one bag at the door.
The plaintiff, twelve years old, accompanied by her brother, aged ten, went to this shed of the defendants to *250 purchase grain for her mother. -She had been there for a similar purpose on two or three prior occasions. The children had a small cart to carry the grain. They entered by the door on the east -side and walked to the opposite side where the defendants’ father was waiting on another customer. He told the plaintiff to wait until he finished. While waiting, plaintiff and her brother walked down the aisle between the bags. A bag of grain started to fall off the top on plaintiff’s brother. 'The- plaintiff, seeing this-, pushed him out of the way, and the bag fell on plaintiff’s leg causing the injuries.
There also was evidence introduced by the defendants that the children were running up and down on the bags; that they were told to get out, but came back in; that the brother tipped a bucket -containing grain; that they were led out of the- building and told to stay out; that after the accident, the plaintiff said to her brother: “You made the bag fall on me”, and that the latter replied: “I am sorry, I will take you home”; that after the accident, footprints-were seen on several bags.
An employee of the defendants testified that he always piled the bags and took them off the pile; that the bags inj question contained -oats, making them softer than the others; that the piles; on the day of the accident, were a-s high as they ever had been. On cross- examination, he said that if the bags- are not properly piled, they will fall, and that if they fell that -day, the only conclusion is that the bags were not piled right.
At the- close of the trial and before the final arguments the defendants made the following request for rulings:
“1. If the plaintiff accompanied her brother to the defendants’ place of business to purchase grain and while waiting to be waited upon plaintiff or her brother climbed up on the bags of grain where they had no right to be then she became a trespasser and *251 would not be entitled to recover unless the plaintiff proved .that the defendants or their agents or servants were guilty of wanton and wilful misconduct. 2. If the bag or bags of grain which fell upon the plaintiff fell off the top of the pile on account of the act or acts of the plaintiff or her brother then the plaintiff was guilty of contributory negligence and cannot recover without showing that the defendants or their agents or servants were guilty of wanton or wilful misconduct. 3. If the plaintiff’s brother who the plaintiff accompanied to the defendants’ premises by his conduct in climbing upon the pile of grain bags caused one of the bags to fall upon his sister, the plaintiff, then the plaintiff cannot recover unless the plaintiff shows that the defendants, their agents or servants were guilty of wanton or wilful misconduct. 4. Upon all the evidence the plaintiff and her brother were upon a joint enterprise and the negligent acts or conduct of the brother would be imputed to the plaintiff. 5. If the Court finds that the actions of the plaintiff or her brother contributed to the accident causing the plaintiff’s injuries the plaintiff cannot recover although the defendants or their agents might have been negligent. 6. Upon all the evidence the plaintiff and her brother had become trespassers upon the defendants’ premises and the plaintiff could not recover without proving that the defendants, their agents or servants were guilty of wanton or wilful misconduct. 7. Upon all the evidence the plaintiff’s injuries were caused by acts of the plaintiff’s brother or other children climbing upon the bags of grain, without the permission or knowledge of the defendants, their agents or servants, and after having previously been warned not to climb on the bags and their conduct made them all trespassers including the plaintiff who was with her brother and the defendants would only be liable for wanton and wilful negligence. 8. There was ■ no evidence introduced by the plaintiff to show any negligence of the defendants or their agents or servants. 9. Upon all the evidence the plaintiff was not in the exercise of due care and her own or her brother’s conduct contributed to her injuries. ’ ’
*252 The Court gave defendants’ requests numbered 1, 2, 3, 4, and 5 and denied requests numbered 6, 7, 8 and 9.
The Court found for the plaintiff and made the following memorandum of finding:
“This case was tried with No. 13639. The evidence in these cases was contradictory on some issues, but on the whole evidence I was satisfied that the plaintiffs have sustained the burden of proof resting upon them in support of the allegations of their respective declarations. The plaintiffs were the only actual witnesses to the accident.”
The report states that it contains all the evidence material to the questions reported and includes also the following statements:
“Except for the fact that the bags of grain fell on the plaintiff there was no evidence introduced by the plaintiff as to what caused them to fall and no evidence that the bags were improperly or negligently piled, other than the plaintiff’s testimony that no truck or railroad car hit the building, together with the testimony of Carl E. Carlberg, as reported herein.”
“The plaintiff at the close of the trial and after arguments stated in open court that the plaintiff did not rely on the doctrine of res ipso loquitur and the Special Justice before whom the case was tried also stated that the doctrine did not apply in this case. ’ ’
The only question for us to decide is whether or not there was prejudicial error in the denial of defendants ’ requests numbered 6, 7, 8 and 9.
Those requests numbered 6 and 7 called for findings of facts which the trial justice was not obliged to give, and therefore, there is no error in their denial. Conde Nast Press v. Cornhill Pub. Co., 255 Mass. 480; Genard v. Hosmer, 285 Mass. 259, 266; Wrobel v. Gen. Acc. Fire & Life Assur. Corp., Ltd., 288 Mass. 206, 209.
*253 Request numbered 8 raised the sufficiency of the evidence showing defendants’ negligence.
The Court, having ruled that the doctrine of res ipso loquitur did not apply, we must examine the record to find what acts of commission or omission constituted negligence on the part of the defendants, or their servants or agents. The report is very meager on that point. The defendants ’ employee testified that he piled the bags “two bags deep, the first layer with ends against the wall and the next two bags parallel with the wall so that they had the effect of being locked by alternate or criss-cross piling. They were piled no higher than ten bags high”. Yet, the same employee testified that ‘ ‘ if the bags are not properly piled, they will fall” and “if the bag fell on this day of the accident, the only conclusion is that the bags were not piled right”. From that evidence, the trial justice was warranted in drawing the inference that the bags had been improperly piled. Dunbar v. Ferrera Bros., 306 Mass. 90; Burke v. Jordan Marsh Co., 313 Mass. 119. In the case of Richenbacher v. California Packing Corp., 250 Mass. 198, 202, 203, which was for an action of tort for injuries received from biting upon a glass while eating canned spinach and where the defendant requested the Court to rule that
“there was no evidence upon which the court could find that the glass was in the can when it was sealed at the defendant’s factory.”
The court said:
“The fact that the glass got into the can during the preparation of the spinach and before the can was sealed, notwithstanding the great care which was customarily used in canning spinach, was a circumstance which warranted an inference that some person whose duty it was to see that the system was observed was *254 negligent in the examination of the contents of the can before it was sealed, if not negligent in preventing the presence of glass at a place where it could be put or might fall into the can. ’ ’
The requested ruling, therefore, was properly denied.
The 9th requested ruling raised the question of the plaintiff’s own due care. It was also a question of fact which the trial judge was not obliged to give. Genard v. Hosmer, 285 Mass. 259, 266; Wrobel v. Gen. Acc. Fire & Life Assur. Corp., Ltd., 288 Mass. 206, 209.
And a general finding for the plaintiff imports a finding that the defendants had failed to sustain their burden of proving any negligence of the plaintiff MacDonald v. Adamian, 294 Mass. 187; Griffin v. Rudnick, 298 Mass. 82; Home Savings Bank v. Savransky, 307 Mass. 601.
There being no prejudicial error, the report is to be dismissed.